**CONTINENTAL CASUALTY COMPANY,**
Appellant,

v.

**Walter ABERCROMBIE, Appellee.**

**No. 275.**

Court of Civil Appeals of Texas.

Tyler.

March 23, 1967.

Rehearing Denied April 13, 1967.

Ramey, Brelsford, Flock & Devereux, Michael A. Hatchell and Richard Grainger, Tyler, for appellant.

Cornelius & Cornelius, Bill J. Cornelius, Jefferson, Phenix, Keeling & Wilder, Henderson, for appellee.

SELLERS, Justice.

Appellee brought this suit against appellant to recover for personal injuries received by appellee while he was an employee of United Gas Company. The claim is brought under the Workmen's Compensation law of Texas.

The alleged injury occurred at Tatum on February 1, 1962, and the foreman of the crew was present and saw the accident when it happened, or at least helped to get the pipe off the appellee when he fell under the same.

Appellant on this appeal seeks to defeat recovery by appellee on the ground that appellee did not file a claim with the Industrial Accident Board within the time required by law and did not offer evidence sufficient to show good cause for not so doing.

The case was tried to a jury and the jury found good cause existed as follows:

"SPECIAL ISSUE NO. 14:

"Do you find from a preponderance of the evidence that Walter Abercrombie believed that one or more of his supervisors had filed for him a claim for compensation with the Industrial Accident Board?

"Answer Yes or No.

"ANSWER: Yes.

"If you have answered Special Issue No. 14 'Yes' and in that event only, then answer the following special issue.

"SPECIAL ISSUE No. 14-A:

"Do you find from a preponderance of the evidence that such belief, if any you have found, continued up until the time that Walter Abercrombie's claim for compensation was filed with the Industrial Accident Board?

"Answer Yes or No.

"ANSWER: Yes.

"If you have answered Special Issue No. 14-A 'Yes' and only in that event, then answer the following special issue.

"SPECIAL ISSUE NO. 15:

"Do you find from a preponderance of the evidence that such belief on the part of Walter Abercrombie, if any you have found, constituted good cause as that term is defined herein for his failure to file his claim with the Industrial Accident Board until the time the same was filed?

"Answer Yes or No.

"ANSWER: Yes.

"SPECIAL ISSUE NO. 16:

"Do you find from a preponderance of the evidence that Virgil Alder represented to Walter Abercrombie that he would file for him such claims and re-

ports as might be necessary to establish his claim for workmen's compensation?

"Answer Yes or No.

"ANSWER: Yes.

"If you have answered Special Issue No. 16 'Yes' and in that event only, then answer the following special issue.

"SPECIAL ISSUE NO. 17:

"Do you find from a preponderance of the evidence that Walter Abercrombie relied upon such representations, if any you have found, in failing to file his claim for compensation with the Industrial Accident Board up until the time the same was filed?

"Answer Yes or No.

"ANSWER: Yes.

"If you have answered Special Issue No. 17 'Yes' and in that event only, then answer the following special issue.

"SPECIAL ISSUE NO. 18:

"Do you find from a preponderance of the evidence that such reliance by Walter Abercrombie upon the representations of Virgil Alder, if you have so found, constituted good cause, as that term is defined herein, for his failure to file his claim with the Industrial Accident Board up until the time the same was filed?

"Answer Yes or No.

"ANSWER: Yes.

"SPECIAL ISSUE NO. 19:

"Do you find from a preponderance of the evidence that one or more of Walter Abercrombie's supervisors represented to him that they would file for him such claims or reports as might be necessary to establish his claim for workmen's compensation?

"Answer Yes or No.

"ANSWER: Yes.

"If you have answered Special Issue No. 19 'Yes' and in that event only, then answer the following special issue.

"SPECIAL ISSUE NO. 20:

"Do you find from a preponderance of the evidence that Walter Abercrombie relied upon such representations, if any you have found, in failing to file his claim for compensation with the Industrial Accident Board up until the time such claim was filed?

"Answer Yes or No.

"ANSWER: Yes.

"If you have answered Special Issue No. 20 'Yes' and in that event only, then answer the following special issue.

"SPECIAL ISSUE NO. 21

"Do you find from a preponderance of the evidence that such reliance on the part of Walter Abercrombie, if you have so found, upon such representations, if any, constituted good cause, as that term is defined herein, for his failure to file his claim for compensation with the Industrial Accident Board up until such claim was filed?

"Answer Yes or No.

"ANSWER: Yes.

Appellee testified as follows:

"*  *  *
"Q Now, I will ask you this, did you finally decide that they weren't going to do anything about it?

A Yes, sir.

Q When you decided that I will ask you whether or not you came to see us as lawyers to see about your rights?

A Yes, sir.

Q Now, I will ask you, Walter, if all this time from the time you were injured up until the time you came to see us, did you believe that your supervisors

**412**

for United had taken care of any filings or reports that were necessary for you to get compensation?

A Yes, sir, I believed it.

Q And you depended on them doing it?

A Yes, sir.

Q And when wou came to see us was that or not the first time you ever knew that they hadn't done it and you had to do something yourself?

A That's right.

Q And did you then ask us to do that for you?

A Yes, sir.

\* \* \*"

■ From the record as a whole, we are of the opinion that the evidence is sufficient to sustain the jury's finding that good cause existed for not filing his claim for compensation within the six months required by law. The jury had a right to consider the fact that appellee could not read or write and had never been to school in passing upon the issue of good cause. Green v. Texas Employers' Insurance Association, Tex.Civ.App., 339 S.W.2d 368, writ ref., n.r.e.; Texas General Indemnity Co. v. McNeill, Tex.Civ.App., 261 S.W.2d 378; United States Fidelity and Guaranty Company v. Herzik, Tex.Civ.App., 359 S.W.2d 914.

There are a number of admissions by appellee on cross-examination which the appellant contends are sufficient as a matter of law to show that appellee did not have good cause for not filing his claim within six months. The following is deemed sufficient to illustrate appellant's contention:

"\* \* \*

"Q And you said he (Alder) said he would file a claim for you?

A That is what he said.

Q Now, when you went to the doctor you were not relying on that, were you?

A Well, he hadn't did it.

Q He hadn't done it, had he?

A No, sir.

\* \* \* \* \* \*

Q Well, that is my point. About a month and a half before you were terminated Mr. Alder was transferred from Marshall, wasn't he? Speak up.

A Yes, sir.

Q And then you went to another crew, didn't you?

A I worked for Mr. Peden.

Q You worked for Mr. Peden. All right. Then you didn't tell anyone else with United Gas that you had had an accident, did you, and you knew that Virgil Alder had been transferred?

A Mr. Alder knowed it.

Q So after Mr. Alder left you knew that he hadn't done anything about it, didn't you, Walter, about filing your claim, didn't you, Walter?

A Yes, sir, I knowed he hadn't did anything about it. I didn't know he hadn't did nothing about it, because I didn't know what he had done.

\* \* \*"

The facts above quoted and other similar statements, appellant contends, are sufficient as a matter of law, taken in connection with the record as a whole, to show that appellee did not have good cause for not filing his claim within the six months required by law.

With this contention, we cannot agree. The jury had a right to place their own interpretation on the above statements and the record shows they evidently reached the conclusion that appellee was saying that Mr. Alder had not gotten him anything rather than that he had not filed a claim

for compensation within six months with the Industrial Accident Board.

The contention of appellant is controlled by the case of United States Fidelity and Guaranty Company v. Herzik, above cited, where the Court held:

"* * * Appellant also contends that appellee's testimony concerning the only reason she failed to file her claim for compensation constitute judicial admission. However, we think these statements were modified by her further testimony that she relied on the company to take care of everything pertaining to insurance because of the statement to that effect made by Mr. Freeborn."

Appellant's contention is overruled.

■ Appellant complains of Special Issue No. 1, which is as follows:

"Do you find from a preponderance of the evidence that Walter Abercrombie sustained an injury (as that term is defined herein) on or about February 1, 1962?

"Answer Yes or No.

"ANSWER: Yes."

The contention is made that the evidence made an issue as to the date of the accident, and the above issue as given assumes that the date therein was correct and also constituted a comment on the weight of the evidence.

The issue as submitted has been approved by our courts many times. The contention made by appellant has been denied in the case of Texas Employers' Ins. Ass'n v. Mincey, Tex.Civ.App., 255 S.W.2d 262 and the cases therein cited. The assignment is overruled.

There are other assignments of error which this Court has considered and they are overruled.

Judgment of the trial court is affirmed.