**ALLSTATE INSURANCE COMPANY,**
**Appellant,**

v.

**Ulios Ray KING, Appellee.**

No. 4728.

Court of Civil Appeals of Texas.

Waco.

Oct. 31, 1968.

Rehearing Denied Nov. 21, 1968.

---

Sheehy, Jones, Cureton, Westbrook & Lovelace, L. Wayne Scott, Waco, for appellant.

Naman, Howell, Smith & Chase, Al Witcher, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant insurance carrier from a judgment for "total permanent" in a workmen's compensation case. Plaintiff King failed to file his claim for compensation within the six month period required by the statute, but the jury found the existence of good cause for such late filing. The jury found (among other things):

Issue 33. Plaintiff reasonably believed that his employer Sears, would process, take care of and handle all of his insurance claims for accidental injuries.

Issue 34. At the time Sears terminated plaintiff's employment by reason of his physical disability, Sears represented to plaintiff that the insurance benefits to which he was entitled because of injuries on the job, were the insurance benefits provided for retiring employees.

Issue 35. Plaintiff reasonably believed that the insurance policy he received from Sears at the time of his retirement constituted the insurance benefits to which he was entitled because of injuries received in the course of his employment.

Issue 38. Plaintiff failed to file his claim for the injury by February 23, 1965, sooner because of the matters inquired about in Issues 33 and 35.

Issue 39. The beliefs inquired about in Issues 33 and 35 constitute good cause for plaintiff's failure to file his claim sooner than it was filed.

Issue 39A. Plaintiff and his attorney exercised reasonable diligence in investigating and preparing and filing the claim after discovering or realizing the necessity therefor.

As noted, the Court entered judgment for plaintiff on the verdict. Defendant appeals on 53 points, contending among other things:

1) The findings that plaintiff believed his employer would process and take care of the handling of his insurance claims for injuries, is legally insufficient to excuse the late filing of the claim.

2) The findings that plaintiff believed the insurance policy he received at the time of his retirement constituted the insurance benefits he was entitled to because of his injuries received in the course of his employment, are legally insufficient to excuse the late filing of his claim.

3) The findings of good cause are supported by no evidence, and/or the jury's answers are against the great weight and preponderance of the evidence.

Plaintiff is 60 years old; he completed the seventh grade in a country school; worked on the farm and had driven a truck. He went to work as a laborer for Sears in 1955, and drove a truck for them hauling merchandise for some 10 years. He received numerous injuries on the job through the years; was off work on one occasion for a period of 6 or 8 weeks because of a back injury; was off for periods of a day or two on other occasions because of injuries; and was off for 2

months because of corrective surgery for hernia. He had been told to report all accidental injuries to the personnel manager who would take care of all paper work in connection with accidental injuries and insurance. The personnel manager, Mrs. Liddicoat, told plaintiff "That's part of my duties"; and during the 10 years plaintiff worked at Sears they handled all compensation claims for plaintiff; and plaintiff during such time followed Sears' instructions as to how to proceed on his insurance claims. Mr. Gately, Sears' Manager, testified that Mrs. Liddicoat "handles all of this for Sears' employees"; and the employees "looked to her", and "relied on Mrs. Liddicoat" and that "she handled all such matters." Plaintiff received an injury to his back on February 23, 1965. He reported such injury. He was discharged by his employer because of inability to perform his work in April, 1965. It was not until June, 1966 that plaintiff's claim for compensation was filed. Plaintiff, at the time of his discharge, received a policy of insurance which by reason of statements made to him by Sears' Manager at the time of his discharge, reasonably believed was all the "insurance" benefits to which he was entitled for injuries received in the course of his employment. Plaintiff testified that Mr. Gately, the Manager, told him "You being hurt on the job, well, you have got to have insurance", and plaintiff testified that he believed he was getting the insurance he was entitled to. Plaintiff had worked for Sears for 10 years and trusted Mr. Gately implicitly.

▆▆▆ We revert to defendant's contentions. Reasonable belief and reliance upon an employer to file a claim is legally and factually sufficient to constitute good cause for failure to file within the six-months period. Continental Cas. Co. v. Abercrombie, Tex.Civ.App. (n. r. e.) 413 S.W.2d 409; U. S. F. & G. Co. v. Herzik, CCA (n. r. e.), 359 S.W.2d 914. The Herzik case citing Texas Indem. Ins. Co. v. Cook, Tex.Civ.App., Er. Ref., 87 S.W.2d 830, holds that the test of "good cause" for delay in filing of a compensation claim is

that of "ordinary prudence", which is such course of conduct as would be pursued by an ordinary prudent person acting under the same or similar circumstances, and that the question as to whether he has exercised such degree of diligence is ordinarily a question of fact, but that where the evidence taken most strongly in favor of the claimant, admits of but one reasonable conclusion, negating good cause, the question becomes one of law.

▆▆▆ We think plaintiff's belief and reliance on his employer to file his claim constitutes good cause for his failure to file his claim within the six-months period. Plaintiff actually believed, and the jury found that plaintiff reasonably believed, he had received all of the benefits he was entitled to at the time of his discharge. Mr. Gately, the employer's Manager, had represented to plaintiff what benefits he was entitled to receive upon the termination of his employment. Considering the trust plaintiff had in Mr. Gately, we think plaintiff reasonably believed he had received all of the benefits he was entitled to; and that this constituted good cause for his tardy filing of claim. We think the evidence is ample to sustain the jury's answers to Issues 33, 34, 35, 38, 39 and 39A, and that same are not against the great weight and preponderance of the evidence. Further it appears to us that any other holding would do violence to the well established legal principle that the Workmen's Compensation Act should be liberally construed in order to effectuate its humanitarian purposes. Tex. Emp. Ins. Ass'n v. Hudgins, Tex.Civ.App. (w. r., n. r. e.) 294 S.W.2d 446.

Defendant further asserts that plaintiff and plaintiff's attorney did not exercise diligence in filing the claim after plaintiff employed an attorney. Plaintiff went to his attorney on April 9, 1966. Plaintiff's attorney commenced work upon the case immediately. The attorney testified that all were seeking additional information until June 2, 1966, when plaintiff found papers which recalled and fixed the date of

injury in February, 1965. The claim was filed on June 6.

 A reasonable time is allowed for investigation, preparation and filing of claim. No set rule can be established for measuring diligence in this respect. Each case must rest on its own facts. Delays are ordinarily elements of prudence to be considered by the jury in determining the question of good cause. Like all other issues, they become conclusive against the claimant only when reasonable minds could reach no other conclusion. Hawkins v. Safety Cas. Co., 146 Tex. 381, 207 S.W.2d 370. We think reasonable minds can differ as to whether plaintiff and his attorney had good cause for the delay in filing from the date plaintiff contacted his attorney until the claim was filed, and that the jury has resolved the issue.

From the record as a whole, we think good cause established. Defendant's points discussed are overruled. Plaintiff's cross-points have been considered and are overruled.

Affirmed.