TEXAS EMPLOYERS INSURANCE ASSOCIATION V. M. E. HANCOX

No. A-8317. Decided July 19, 1961
Rehearing overruled October 3, 1961
(349 S. W. 2d Series 102)

*Edwards, Belk, Hunter & Kerr,* of El Paso, for petitioner.

*Splawn & Maner,* of Lubbock, for respondent.

MR. JUSTICE GREENHILL delivered the opinion of the Court.

This is a workmen's compensation case in which the claimant,

M. E. Hancox, failed to file his claim for compensation within the six months' time required by statute. Assuming that Hancox had just cause for failure to file his claim within the six-month period, the controlling question here is whether such good cause continued until he did file his claim a little over a year and 7 months after his injury. The jury found, among other things, that a person of ordinary prudence in the position of Hancox would have waited until Hancox did to file his claim. Judgment was entered for Hancox on the jury's verdict. The insurance company's motion for judgment notwithstanding the verdict was overruled. The judgment was affirmed by the El Paso Court of Civil Appeals. 343 S.W. 2d 720.

The relevant facts are these: Hancox was injured while attempting to lift a 200-pound object. He was working on the construction of a bridge in the area between Anthony, Texas, and Canutillo, Texas, north of El Paso and near the New Mexico line. He knew he was working in Texas. The injury occurred on Saturday, March 20, 1958. Though he had pain in his back, he reported again for work on the following Monday. On the same Monday he went to a Dr. Giles for back adjustment or treatment. Hancox was told that he had a muscular strain and dislocation. He took some 20 treatments in the evenings while continuing to work. Because he came so many times, Dr. Giles X-rayed Hancox's back and told Hancox that "according to the X-rays, it didn't show no permanent injury—just a minor sprain or dislocation."

When the job on which Hancox was working was completed, he worked for other employers. Because he was still having back trouble in July, 1958, he consulted a Dr. Trieski in Artesia, New Mexico, who was the "same type of doctor as Dr. Giles was." Whenever his pain became "a little intense," he took a treatment from Trieski and got some relief. He testified that Trieski told him his injuries would clear up. He advised Hancox to wear a belt when he worked.

Hancox was injured on March 20, 1958, and his claim should have been filed, under the statute, by September 20, 1958. Nevertheless, Hancox continued to work, without filing a claim, from June, 1958, to June, 1959, for four different contractors.

In June, 1959, he noticed that his legs were becoming numb. His back was still sore, and he realized that the treatments he had been receiving were not curing what he had. So he went

to Dallas to see Drs. Nash and Patterson, neurosurgeons. He testified that he hadn't filed a claim up to this time because he hadn't felt that he had "a serious enough injury."

On June 15, 1959, Hancox was operated on in Dallas for a ruptured disc. He remained in the hospital 9 days and spent a week at a relative's in Dallas. Early in July, his wife drove him back to Artesia, New Mexico. They arrived July 9. He remained in the house for a week.

About July 14, 1959, he was able to be out; and with the assistance of a cane, he went wherever he desired to in Artesia.

On direct examination, he testified that "as soon as I was able to get up and about," he consulted an attorney, D. D. Archer, in Artesia, New Mexico, about his claim for the injury. His counsel before this Court estimates this to have occurred about August 1, 1959. In answer to a question, "and after checking it out, what did you find from Mr. Archer," Hancox testified that Archer told him that since "I was working in Texas for a Texas employer, he couldn't handle my case; that I'd have to get a Texas attorney to check it for me."

While Hancox testified, on direct examination, that as soon as he was able to get out [about August 1, 1959] he consulted the New Mexico attorney, he testified on cross examination that on July 15, 1959, he drove his car to Dallas, Texas, a distance of some 700 miles, to obtain a checkup from his neuro-surgeons, and that he drove his car the 700 miles back to Artesia after the examination.

There is no evidence as to the length of time the New Mexico attorney took to investigate the law or the facts in answer to Hancox's inquiry. Hancox then testified that as soon as he "felt like I was able to travel" and find out about his claim, he came to Lubbock to employ his present attorneys. This occurred on October 21, 1959, and his claim was filed on October 27, 1959.

On cross examination, on the other hand, Hancox testified that in addition to making the drive to and from Dallas in the middle of July (which his testimony shows to be about a 1400-mile round trip), he drove to Dallas from Artesia, New Mexico, for a second checkup on August 15, and for a third checkup in the "latter part of August," 1959. He testified that he went

back to work on September 1, 1959, because he needed to work. But he could do no heavy work as he had done before his injury.

Summarizing, then, the chronological sequence of events, particularly after the time of Hancox's operation, the evidence shows:

March 20, 1958: Hancox injured.

June 15, 1959: Hancox operated on.

July 9: arrived back in Artesia. Remainded at home a week.

July 14: able to go about town with cane.

July 15: drove 700 miles to Dallas for checkup.

About August 1: consulted New Mexico attorney.

August 15: again drove 700 miles to Dallas for checkup.

Latter part of August: again drove to Dallas and back.

September 1: went back to work.

October 21: went to Lubbock and employed counsel.

October 27: claim filed.

The law is well settled in Texas that, assuming good cause for failure to file a claim within the 6 months prescribed by statute, the good cause must continue to the date when the claim is actually filed. *Consolidated Casualty Insurance Co. v. Perkins,* 154 Tex. 424, 279 S.W. 2d 299 (1955); *Petroleum Casualty Co. v. Dean,* 132 Tex. 320, 122 S.W. 2d 1053 (1939).

Counsel for Hancox seeks to bring his case under the rule announced in such cases as *Texas Employers' Ins. Assn. v. Clark,* 23 S.W. 2d 405 (Tex. Civ. App., writ dismissed, 1930), and *Texas Employers' Ins. Assn. v. Roberts,* 135 Tex. 123, 139 S.W. 2d 80 (1940), where it is said that a good-faith belief that injuries are not serious, but are trivial, will constitute good cause for delaying the filing of a claim for compensation, and the fact that almost constant pain exists does not affect the issue. We will assume, therefore, without deciding, that Hancox had good

cause for failure to file between March 20, 1958 (date of injury) until June 15, 1959, when he was operated on. Thereafter there were no reasonable grounds for belief that his injuries were trivial, and it is not contended that they were. *Texas Employers' Ins. Ass. v. Portley*, 153 Tex. 62, 263 S.W. 2d 247 (1954).

The facts of this case fall within the language and holding of the *Dean* case cited just above. The claimant there had been covered by two policies of insurance: workmen's compensation and also some other type of insurance with the Aetna Life Insurance Company. The claimant consulted a Mississippi attorney on both policies, and the attorney took care of the claim with Aetna. But the compensation claim was not filed until some 11 months after the injury. In holding that good cause for failure to file within the 6-month period did not continue until the time of filing the claim, this Court said:

"The suggestion is made that the claimant was too sick to look after the filing of his claim. The record does not bear out this contention. It affirmatively discloses that the claimant made at least four or five trips from his home to Jackson, Mississippi, to consult with his attorney prior to the final settlement of the claim against Aetna Life Insurance Company in July, 1932. This distance was more than forty miles." 122 S.W. 2d. at 1055.

There is no evidence that the attorney in New Mexico took any appreciable length of time to investigate and advise Hancox that he was injured in Texas and should consult a Texas attorney. There was no doubt that Hancox was injured in Texas. No great amount of investigation or study was required on this or the conclusion expressed by the attorney. If the attorney did, with justification, delay Hancox in this regard, the burden was upon Hancox to prove this as part of his proof that good cause existed until the filing of his claim. We are simply unable to reconcile his testimony—that he consulted the New Mexico attorney about August 1, 1959, and that almost immediately thereafter, as soon as he felt like traveling, he came to Lubbock [on October 21, 1959] to see about his claim—with his own testimony that between those dates he drove himself on the 1400-mile trips to and from Dallas and went back to work on September 1, 1959. We think that, particularly under the *Dean* case cited just above, Hancox failed, as a matter of law, to show that good cause continued up to October 27, 1959, when his claim was filed.

The motions for instructed verdict and for judgment notwithstanding the verdict should have been sustained. The judgments of the courts below are reversed and judgment is here rendered for petitioner.