**Rhea Martin GIBBS, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 3870.**

Court of Civil Appeals of Texas.

Eastland.

April 17, 1964.

Rehearing Denied May 1, 1964.

Warren Burnett and Jerry Childs, Odessa, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, John P. Camp, Abilene, Woodward & Johnson, H. O. Woodward, Coleman, for appellee.

GRISSOM, Chief Justice.

Rhea Martin Gibbs sued Texas Employers' Insurance Association for compensation for total and permanent disability caused by an injury on March 25th, 1960, while he was working for Bridwell Oil Company. The court instructed a verdict for the defendant solely on the ground that claimant had not, as a matter of law, shown good cause for filing his claim more than 17 months after his injury. Gibbs has appealed. As stated, the only reason for instructing a verdict for the insurer was the court's conclusion that Gibbs, as a matter of law, had failed to show good cause for his failure to sooner file his claim for compensation with the Industrial Accident Board. Ordinarily, that question is one of fact for the decision of a jury. Texas Employers' Insurance Association v. Roberts, 135 Tex. 123, 139 S.W.2d 80, 83.

Gibbs suffered an accidental injury on March 25th, 1960, while in the course of his employment by Bridwell Oil Company. He was treated by Doctor Kemper from the 28th of March until he returned to work about three weeks later. His injury was first diagnosed as a lumbosacral strain. Later his doctor changed the treatment and,

in July, 1961, he concluded that Gibbs probably had a ruptured disc. He continued to work for Bridwell and to draw his regular pay until August 2nd, 1961, when he became unable to work. quit his job, again went to see Dr. Kemper, who sent him to Dr. Nash, in Dallas, who prescribed medicine for his trouble, as did other doctors thereafter. During the time that Gibbs continued working for Bridwell after his injury, he occasionally was unable to work, but, nevertheless, he was paid by his employer.

■ Stated from the viewpoint most favorable to Gibbs, as we are required to view the testimony because of the instructed verdict, the evidence pertinent to the question whether good cause existed for the failure of appellant to file his claim for compensation before September 13th, 1961, is substantially as follows:

Gibbs was aware that he was required to file a claim for compensation for this injury. He had filed claims for compensation before. On those prior occasions yellow printed claim forms were sent to him from Austin. Gibbs did not receive claim forms from Austin in this case. He had worked for Bridwell for more than eight years. Before he returned to work, about three weeks after the injury, his superintendent, Mr. Miller, sent word for Gibbs to come to the drilling rig. His wife drove him there. There, he talked to Mr. Miller, Mr. Curtis, his driller, and Mr. Lowrey, his tool-pusher. Curtis told Gibbs that Lowrey had some papers relative to his accident that had to be signed; that they were accident reports and form papers that had come from Austin; that they had filled them out. Gibbs saw that they were yellow slips of paper like those sent to him by the Industrial Accident Board so that he could file claims for previous accidents. His said superiors told him these papers had to be signed and sent to Austin or they were going to get in trouble with Bridwell; that they had to be sent to the Industrial Accident Board. Gibbs signed said papers;

he then asked Curtis and Lowrey whether there was anything else to be filled out, or to be taken care of. Gibbs told them he was suffering and wanted to get away. They told Gibbs they would take care of it. Both Lowrey and Curtis said they would take care of it. Gibbs believed them. He had worked for them and he had worked for Curtis, his driller, for more than eight years. Gibbs testified that if Lowrey and Curtis had not told him that they would file his claim and, later, that it had been filed that he would have filed the claim himself; that about 30 to 40 days after he returned to work for Bridwell, Gibbs again asked Lowrey about the papers, Lowrey didn't say anything at the time and it made Gibbs mad but, the next day, Lowrey came over and patted him on the back and said everything had been taken care of and for him not to worry about it; that Gibbs had no reason to disbelieve him. Gibbs testified that Mr. Miller, who appears to have been the supervisor over the entire job, told him that he would see they were taken care of. This statement was made in response to a question whether Miller had told Gibbs that he would mail his claim for compensation to Austin. There was evidence that, thereafter, Curtis brought him two compensation checks. On August 2nd, 1961, Gibbs was unable to continue working, he returned to his doctor; that doctor sent him to a "bone and joint" specialist in Dallas. He made three trips to that doctor in Dallas and on one of these trips the defendant's agent contacted him in Dallas, took a statement from him and paid for his medicine. This happened on August 21, 1961. Shortly thereafter the same agent for the defendant insurance company refused to pay for more medicine prescribed by the Dallas specialist, whereupon Gibbs on September 11th, 1961, retained his attorney, who filed his claim with the Board on September 13th, 1961.

■ It is evident that both the employer and the insurer knew of Gibbs' injury immediately after it occurred. Therefore, the insurance company was not prevented by Gibbs' delay in filing a claim from

**352**

promptly making an investigation. The test for determining whether good cause exists for failure to timely file a claim for compensation is whether the claimant prosecuted his claim with the degree of diligence that an ordinary prudent person would have exercised under the same or similar circumstances. Whether a claimant used such diligence is ordinarily a question of fact. It is only when the evidence, construed most favorably for the claimant, admits of no other reasonable conclusion that it can be held as a matter of law that good cause does not exist. Hawkins v. Safety Casualty Company, 146 Tex. 381, 207 S.W.2d 370, 372.

It has often been held that, if there is evidence of the exercise of some care and prudence in the prosecution of a claim, the sufficiency thereof is a question of fact for the jury. Green v. Texas Employers' Insurance Association, Tex.Civ.App., 339 S.W.2d 368, 371, (Ref.N.R.E.); Texas Employers' Insurance Association v. Crain, Tex.Civ.App., 259 S.W.2d 905, 907 (Ref. N.R.E.). It is evident from the testimony mentioned that Gibbs exercised some care and prudence in the prosecution of his claim.

Appellee has presented an excellent brief in support of the instructed verdict. It stresses the fact that cases cited by appellant should be distinguished because they did not have certain facts that exist in this case, that is, that the delinquent employee suffered constant pain and had his employers readily accessible, so he could inquire about filing his claim. If Gibbs' belief that his superiors had filed his claim would have been entertained by a reasonably prudent person under the same or similar circumstances then good cause existed for not sooner filing it. The reasonableness of Gibbs' conduct in not sooner filing his claim must be measured by the facts he knew. Texas Employers' Insurance Association v. Portley, 153 Tex. 62, 263 S.W.2d 247. In Texas Employers' Insurance Association v. Roberts, 135 Tex.

123, 139 S.W.2d 80, the Supreme Court held that a claimant's good faith belief that his injury was not serious might constitute good cause for delay in filing a claim and the fact that claimant suffered constant pain did not affect the issue of good cause. See also Texas Employers Insurance Association v. Hancox, 162 Tex. 565, 349 S.W.2d 102, 104. Under this holding the fact that Gibbs was in almost constant pain and his superiors were immediately available for questioning could not be controlling on the question of good cause if he reasonably believed they had filed his claim for him.

A person of ordinary prudence, with Gibbs' knowledge, could have believed that his claim had been timely filed. See Texas Employers' Insurance Association v. Portley, 153 Tex. 62, 263 S.W.2d 247, 250; American Employers Insurance Company v. White, Tex.Civ.App., 331 S.W.2d 836 (Ref. N.R.E.). We think the able trial court erred in instructing a verdict for the defendant. The judgment is reversed and the cause is remanded.