Mary E. BAKER et ux., Appellants,

v.

WESTCHESTER FIRE INSURANCE COMPANY, Appellee.

No. 14397.

Court of Civil Appeals of Texas.

Houston.

Dec. 17, 1964.

Rehearing Denied Jan. 7, 1965.

448

Jim S. Phelps, Houston, and Bill Kilgarlin, Houston, of counsel, for appellants.

Clawson, Jennings & Clawson, Max H. Jennings, Houston, R. Philip Schulze, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a suit for workmen's compensation insurance. At the close of appellant's testimony, the trial court instructed the jury to return a verdict for the defendant. The question is whether the evidence is sufficient to raise an issue of fact on good cause for appellant's failure to give notice of her injury and to file her claim for compensation within the statutory period of time.

Appellant is a 52 year old white married woman. She has children, including an adult retarded son. She was about 5 feet 3 inches in height and weighed about 235 pounds. She was married at the age of twelve. For about 18 years prior to the trial she had been working with some regularity as a seamstress in laundry and cleaning and pressing establishments.

Appellant testified that about two months after she was first employed by the Spic and Span Cleaners, on November 15, 1960, while she was lifting and pulling on a sewing machine weighing about 100 pounds, she felt a pop in her back at about the belt line. She felt a sharp pain momentarily, which subsided into a dull ache after she took aspirin. She continued to work and did not inform anyone about her condition at the time. Although she continued to have pain in her back, she continued to work regularly for six months. During that period she was unable to work at various times and lost the total of about one week's time. The intensity of the pain varied. At times it was so severe that she could hardly turn over at night, and sometimes she could hardly get in and out of a car. At other periods she might be free of pain for as much as a week. Since she was free of pain at times, she thought there "was not much to it, nothing to it."

In June, 1961, she had to take off from work to take her son to a state institution in Austin, and missed several days' work, and, as a result, lost her job. Thereafter, for the first time, she went to see a doctor. He placed her in a hospital for examination and treatment. When she was released from the hospital, after two weeks, the doctor told her that she had a pinched nerve.

She did not seek work because her son had returned home. Although her back continued to hurt off and on, she was able to do her housework and stopped going to see the doctor. She continued to believe she was going to get better until she had a "real bad spell" in January, 1962. At night she could not move or turn over. She became afraid she was going to get where she couldn't move. She then consulted an attorney, who promptly filed her claim for compensation. On the advise of her attorney, she consulted another doctor who continued to treat her to the date of the trial. In September, 1962, she secured another position and was working up to the date the case went to trial.

■ ■ The rules of law applicable to the question under consideration have been clearly defined. In Texas Employers' Ins. Ass'n v. Clark, Tex.Civ.App., 23 S.W.2d 405, writ dism., the court said:

"That the employee did not believe his injuries to be serious would clearly afford a good cause for not giving notice and filing claim until it was learned that they were serious. Compensation is not provided for pain and suffering, but for loss of wages, and there would arise no necessity for giving notice or filing a claim so long as the employee lost no time from his work, but believed his injuries were trivial. Consolidated Underwriters v. Seale (Tex.Civ.App.) 237 S.W. 642."

This case was cited with approval in Texas Employers' Ins. Ass'n v. Roberts, Tex.Com. App., 135 Tex. 123, 139 S.W.2d 80, opinion adopted.

Both of these cases have been cited by the Supreme Court of Texas in such recent cases as Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370; Harkey v. Texas Employers' Ins. Ass'n, 208 S.W.2d 919; Texas Employers' Ins. Ass'n v. Portley, 153 Tex. 62, 263 S.W.2d 247; and Texas Employers' Ins. Ass'n v. Hancox, 162 Tex. 565, 349 S.W.2d 102. In the Portley case, supra, the court, referring to the cases above cited, said:

"But those cases make clear that delay may not be excused unless the belief that the injury or condition was not serious would have been entertained by a reasonably prudent person in the same or similar circumstances. While ordinarily the question is one for the trier of the facts to determine, a mere statement by an injured person that he did not regard his injuries as serious will not raise a fact issue when the facts themselves put the matter beyond the pale of reason or beyond belief by a prudent person."

Appellant testified clearly that she considered her injury trivial. Her testimony is supported by the fact that she continued to work regularly for six months after the injury until she was laid off. It is further supported by the fact that she did not report the injury and did not seek medical treatment during that period of time. There is no evidence that she took medication for pain although she testified that she was suffering back pain off and on. While she was not working she consulted a doctor for the first time. He took x-rays, put boards under her bed, gave her some shots and medication and, at the time of her release, told her she had a pinched nerve. She took the medicine for a short time and then discontinued the medication and stopped seeing the doctor. During this time she was able to do her housework though she experienced pain at frequent intervals and the pain at times was severe. We cannot say that her conduct was inconsistent with her statement that she considered that there was "not much to" the injury. Even though she suffered severe pain at times and had been informed that she had a pinched nerve, we cannot say that her expressed belief that her injury was not serious and that she would get better without medical treatment was one "beyond the pale of reason" or was a belief which could not be entertained by a prudent person under the existing circumstances.

In support of the action of the trial court in finding as a matter of law a failure to prove good cause, appellee cites Texas Employers' Insurance Association v. Hancox, 1961, 16 Tex. 565, 349 S.W.2d 102; Texas Employers' Insurance Association v. Dill, Tex.Civ.App.1963, 369 S.W.2d 464; Texas Employers' Insurance Association v. Doss, Tex.Civ.App.1957, 301 S.W.2d 473; Fortenberry v. Maryland Casualty Company, 5 Cir., 247 F.2d 702; and Wedel v. Indemnity Insurance Co. of North America, 5 Cir., 239 F.2d 302. The facts of the Wedel case, supra, most nearly approximate the facts of this case, but there, as the court points out, the claimant delayed filing his claim for an

additional thirty days after he fully realized the seriousness of his condition. The court also held the plaintiff's contention that good cause existed for not filing his claim within the statutory period was without substantial basis as a matter of law where he delayed for six months after the period for filing his claim ended, knowing that his injury was not healed. We consider this ground of decision contrary to the cases previously cited and decline to follow it.

Appellee also stresses this language found in the Dill case, supra:

"To hold that claimant proved ordinary prudence despite the delay would be to effectively nullify the statutory provisions designed to secure the prompt filing of claims and prevent frauds ofttimes incident to the filing of stale demands. We cannot indulge the over-credulous at the risk of admitting the fraudulent, but must follow the public policy of the state as declared by legislative enactment. The trial court should have instructed the jury to find for the defendant insurance company, or failing this, should have rendered judgment *non obstante veredicto*. Copinjon v. Aetna Casualty & Surety Co., 1951 (Tex.Civ.App., San Antonio), 242 S.W.2d 219, error refused, and authorities therein cited."

It is our opinion that in considering a motion for instructed verdict neither the trial court nor this Court is authorized to pass on the credibility of the witnesses. It is our duty to review the testimony, assuming it to be true, to determine whether or not the claimant's belief that her condition was not serious was one that would have been entertained by a reasonably prudent person in the same or similar circumstances. Bennevendo v. Houston Transit Company, Tex.Civ.App., 238 S.W.2d 271, error ref., n. r. e.; Hawkins v. Safety Casualty Company, supra.

While the courts should be diligent in their efforts to prevent frauds incident to the filing of stale demands, the statute excuses failure to give notice promptly, and late filing of claims for compensation, where good cause is shown. It is the function of the jury to pass on the credibility of the witnesses subject to review by the trial court on motion for new trial.

Neither the trial court nor this Court should ignore facts known to this claimant when examining her testimony that she believed her condition not to be serious. Even though such testimony is accepted as true, it might well appear that an ordinarily prudent person under the conditions would have entertained a contrary belief. The circumstance that the claimant failed to give notice and delayed filing a claim, even though the task of disproving a fraudulent claim thereby would be made more difficult, is entitled to no consideration as evidence that the claimant did not act as a reasonable and prudent person would have done under the existing circumstances.

The evidence in this case presents a question for the determination of a jury. The trial court erred in instructing a verdict for the defendant.

The trial court also erred in excluding certain medical testimony offered by appellant. Appellee objected to the testimony of a doctor, who did not treat appellant, on the ground that the doctor's objective findings were based in whole or in part on the subjective complaints of the patient. The testimony developed that the patient told the doctor that her difficulty was in her back and lower extremities, and that the doctor limited his examination to that area. The doctor testified that an electromyogram examination could not be influenced by either history or physical findings; that the results of the test are audible and visible, and therefore, objective.

Since the testimony was based upon objective symptoms and his own observations, and not upon subjective symptoms related by appellant, the doctor's testimony was ad-

missible. Powell v. Sanders, Tex.Civ.App., 324 S.W.2d 587; Texas Employers' Insurance Association v. Fletcher, Tex.Civ.App., 214 S.W.2d 873, error ref., n. r. e.

Reversed and remanded.