**ALLSTATE INSURANCE COMPANY,**
**Appellant,**

v.

**Estelle N. GODWIN, Appellee.**

**No. 15110.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 28, 1968.

Ronald C. Kline, Houston, Bracewell & Patterson, Houston, of counsel, for appellant.

Raymond L. McDermott, Mabel Grey Howell, Houston, for appellee.

PEDEN, Justice.

This is a workmen's compensation insurance case. On a jury verdict, judgment was rendered in favor of Mrs. Godwin for total and permanent disability and for re-

covery of certain medical expenses. Her back was injured while she was working for Sears, Roebuck and Co. on April 29, 1963, but her claim for compensation was not filed with the Industrial Accident Board until October 26, 1964, almost eighteen months after the accident.

According to Mrs. Godwin's testimony, her back injury occurred while she was bending over and turning a bolt of cloth. She reported her injury to her supervisor and to a Mrs. Genevay in Sears' personnel office, who told her to go back to work but to use hot pads that night and to come back the next day. Next morning Mrs. Genevay sent her to a Dr. Friedman who had given her a pre-employment physical examination in 1961. He treated her while she was off from her work for three weeks.

The claimant testified that she received claim forms from the Industrial Accident Board about a month after she was injured. She stated that she went to Mrs. Genevay and said she needed some information to fill those papers out but that Mrs. Genevay told her: "Estelle, you don't have to fill those out. Everything has been filled out and taken care of sufficiently, and you don't have to worry." Mrs. Godwin added that Mrs. Genevay said she had filled them out and sent them in herself for Sears, Roebuck. The claimant testified that she had relied on Mrs. Genevay's statement. Claimant completed the seventh grade in school.

During the months that followed, she was treated by several doctors, and they prescribed a number of medications and treatments for her. She kept her job with Sears. She missed work from time to time, and her fellow employees helped her lift anything heavy. Sears' personnel manager testified that he approved for payment drug bills for appellee in May, 1963 and medical bills in March of 1964 and May of 1964.

Appellee testified that she continued to go to a chiropractor for treatments and that it was late in October, 1964 when payment of her chiropractor's bill was refused by the personnel department at Sears. She then hired a lawyer who filed her claim of injury.

Appellant's first twelve points of error concern appellee's showing as to good cause for her delay of more than six months in filing her claim, as provided by Article 8307, Sec. 4a, Vernon's Ann.Civ.St.

In response to special issues bearing the numbers indicated, the jury found, in substance, as follows:

13. From April 29, 1963 until the latter part of October 1964, the appellee believed appellant would pay expenses incurred in the treatment of her injury.

14. Such belief was a cause of appellee's failure to file her claim until October 26, 1964.

15. In not filing her claim until October 26, 1964, in reliance on appellant's continuing to pay such treatment expenses, appellee prosecuted her claim with ordinary care.

A second set of issues was also submitted relating to the question of good cause for the delay in filing. To summarize the jury's findings:

16. About a month after April 29, 1963, Mrs. Genevay told appellee that Sears, Roebuck had already filed the necessary claim papers with the Industrial Accident Board.

17. Appellee believed and relied on such statement of Mrs. Genevay.

18. Such belief and reliance was a cause of appellee's failure to file her claim until October 26, 1964.

19. In so delaying the filing of her claim in reliance on Mrs. Genevay's statement, appellee prosecuted her claim with ordinary care.

Appellant's first four points of error are based on its assertion that as a matter of law the appellee's delay of almost eighteen months in filing her claim of injury was too long; the points are directed to the

overruling of appellant's motions when presented on summary judgment, at the close of claimant's evidence, at the close of all evidence and after verdict. We have examined the record at each of such stages of the proceedings in the trial court, and we overrule these points.

■ Whether a claimant has prosecuted his claim with that degree of diligence that would have been exercised by a person of ordinary prudence in the exercise of ordinary care is usually a question of fact to be decided by the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (Tex.Sup.1948).

■ The jury was entitled to consider the claimant's testimony 1) that Mrs. Genevay told her the claim had been filed, and 2) that her first indication that Sears would no longer pay her medical bills was received in late October, 1964. It is our view that the first of these events, when viewed in the light of the other evidence as outlined in this opinion, is sufficient to raise a fact issue as to "good cause", and that such fact issue persisted until the second event occurred. A doctor who was called as a witness by the insurance carrier testified that Mrs. Godwin told him on February 26, 1964, that Sears wouldn't pay the bills of her chiropractor, but the jury apparently accepted her testimony on this point. We find nothing else in the evidence which would give her such notice of the termination of benefits under the Act as to make her delay in filing negligent as a matter of law. Continental Casualty Company v. Abercrombie, 413 S.W.2d 409 (Tyler Civ. App.1967, writ ref., n. r. e.); Green v. Texas Employers' Insurance Association, 339 S.W.2d 368 (Texarkana Civ.App.1960, writ ref., n. r. e.).

Appellant's fifth point of error asserts that there was no evidence to support the submission of special issues 16 through 19.

We hold that the testimony as outlined above constitutes evidence of probative force and thus supports the submission of such issues. Gibbs v. Texas Employers' Insurance Association, 378 S.W.2d 349 (Eastland Civ.App.1964, writ ref., n. r. e.).

Appellant's thirteenth and fourteenth points aver that the claimant's testimony as to what Mrs. Genevay said about her having filed the claim constitutes hearsay. These points were raised by timely objections in the trial court to the testimony in question.

Appellee contends that her recitations as to what Mrs. Genevay said are admissible for the limited purpose of showing good cause for the delay in filing her claim.

■ We overrule appellant's thirteenth and fourteenth points. In McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442 (1941), the rule is quoted from Jones on Evidence, Civil Cases, 3rd Edition, Sec. 330: " 'Where the question is whether a party has acted prudently, wisely, or in good faith, the information on which he acted, whether true or false, is original and material evidence, and not hearsay.' "

On the same "good cause" point involved in the instant case, the rule as stated in McAfee v. Travis Gas Corporation, supra, was applied in Texas Employers' Insurance Association v. McDonald, 238 S.W.2d 817 (Austin Civ.App.1951, writ ref.). The court held that it was not necessary to discuss the proof of agency, because "the inquiry before the jury was: Did appellee exercise ordinary prudence in filing his claim for compensation? This inquiry involved what appellee did, and on what information (whether it was true or false) he acted."

We have read the entire record of this case. We hold that the jury's answers to the issues whereby it found appellee's disability to be total and permanent are not against the great weight and preponderance of the evidence. We have examined each

of appellant's points of error; our rulings as here noted make it unnecessary to rule on those not specifically noticed.

The judgment of the Trial Court is affirmed.