**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Henry D. RENFRO, Appellee.**

**No. 804.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 23, 1973.

Rehearing Denied June 13, 1973.

**228**

Gary B. Webb, Russell H. McMains, Fulbright, Crooker & Jaworski, Houston, for appellant.

Robert C. Barnett, Houston, for appellee.

CURTISS BROWN, Justice.

This is a workmen's compensation case.

The principal dispute involves the concept of "good cause." The case poses the question of whether a good faith belief that a serious injury is only "temporary" can constitute good cause.

The case was tried to a jury and the jury found (1) claimant had good cause for his delay in filing the claim, (2) total incapacity for one month, and (3) permanent-partial incapacity. Appellee was awarded disability benefits in the amount of $22.20 per week for 300 weeks plus interest.

Appellant sought an instructed verdict both at the close of the plaintiff's evidence and at the close of all of the evidence, made motion for judgment n. o. v., and attacked a finding of "We do" to special issue no. 1 (good cause issue) as being supported by "no evidence."

We sustain this attack and reverse and render.

Appellee never had any back trouble before January 6, 1970. He was a strong and regular worker. On a cold and icy day appellee was required to pick up and put barrels of scrap on a dolly. He picked up a barrel which weighed in the vicinity of 95 to 100 pounds and got it two or three feet off the ground. It felt as if "somebody . . . stuck something in my back. . . ." He hung onto the barrel in the cold because he could not move. Finally after some ten or fifteen minutes he was discovered by a maintenance man who summoned additional assistance. He was still hanging onto the barrel when the others obtained a station wagon and placed

appellee in the vehicle. He was drawn up into a ball because of the intense pain. He was carried to the hospital where he remained until January 13, 1970.

During this week he received medication for pain and was placed in traction and otherwise treated for what was found to be a "severe sprain of the muscles and ligaments in the lumbosacral and iliac regions with severe spasm of the paravertebral muscles." The hospital records note that he was discharged as "improved." There is no question but that this record reflects that the plaintiff was seriously and painfully injured. Appellee testified that when he went back to work on February 3, 1970 he had lighter duties for approximately one week, but thereafter, resumed his old job. He did his work with difficulty and endured it only because of economic necessity. In May of 1971 there was a strike at his place of employment and he was not recalled to his job after the strike's end. He thereafter filed on June 19, 1971 his claim for compensation. This was 17 months and 8 days after January 6, 1970.

After returning to his employment about February 3, 1970 appellee went to see Dr. Barnes, a doctor of his own choice, two or three times. His last visit to Dr. Barnes was not later than Novmber of 1970. Dr. Barnes was the *last* physician seen by appellee for his injury. He prescribed long walks, deep breathing, leg exercises and other activity. He also prescribed medication. Appellee testified that he knew that it was necessary for him to file a claim for compensation and that he realized that he was having problems with his back from the time of his injury to time of trial.

He testified:

"Q And what was your reason that you did not file your claim within six months?

A Because the doctors and everybody said everything would be all right."

And he testified further:

"Q (By Mr. Barnett) What doctors told you that?

A Dr. Pena and Dr. Barnes, sir.

Q They told you you were going to get all right?

A Yes, sir; they did."

He testified that his injury did not get significantly better but stayed the same as long as he was doing heavy work. Appellee's wife testified that he had daily complaints of pain with catches in his back and that she massaged him nightly. He continued to receive help from his fellow employees in a greater or lesser degree in the performance of his work until the strike.

It should be emphasized that this is not a case in which it is claimed that a minor injury turned out to be more serious than originally thought or a case in which the plaintiff had reason to question whether the condition was caused by an accidental injury in the course and scope of his employment.

■ There has been much litigation, of course, relative to the issue of "good cause." A number of principles have been stated in a number of cases of the general type as the case at bar. Good faith belief on the part of the claimant that his injuries are not serious may constitute "good cause" provided the belief meets the test of ordinary prudence. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948). Texas Employer Insurance Association v. Sapien, 458 S.W.2d 203 (Tex. Civ.App.—El Paso 1970, writ ref'd n. r. e.).

■ While such a belief *reasonably* continues the fact that almost constant pain exists does not affect the issue since

**230**

pain and suffering are not compensable. Further, advice from a physician that the injuries were not serious constitutes good cause for a claimant's failure to file within the prescribed time provided that the claimant acts reasonably and with ordinary care in believing and relying upon such advice. Harkey v. Texas Employers Insurance Association, 146 Tex. 504, 208 S.W. 2d 919 (1948). Whether a claimant has used that degree of diligence required by law is ordinarily a question of fact to be determined by the finder of fact. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion. Moronko v. Consolidated Mutual Insurance Co., 435 S.W.2d 846 (Tex.Sup.1968); Allstate Insurance Company v. Maines, 468 S.W.2d 496 (Tex.Civ.App.—Houston (14th Dist.) 1971, no writ).

A reasonable period of time is allowed for investigation, preparation and filing of a claim after the seriousness of the injury is determined. Subsequent delays after knowledge of the facts are ordinary elements of prudence to be considered by the finder of facts in determining the question of good cause. They may become conclusive against the claimant only when reasonable minds can reach no other conclusion. Hawkins v. Safety Casualty Co., supra. Moronko v. Consolidated Mutual Insurance Co., supra.

■ Except for a reasonable time for the investigation and filing of the claim "good cause" must be *continuous and must exist up to the date of filing.* Texas Employers' Insurance Association v. Brantley, 402 S.W.2d 140 (Tex.Sup.1966). Texas

Employers Insurance Ass'n v. Hancox, 162 Tex. 565, 349 S.W.2d 102 (1961).

■ Insofar as appellee relies upon the statements of Doctors Pena and Barnes that his condition was only "temporary", that standing alone, should not be found to constitute good cause. This follows from the fact that the Workmen's Compensation Act contemplates payment of compensation for temporary disability. We cannot accept the suggestion that appellee can bring his cause under the well established rule recognizing the existence of a question of fact of good cause where seemingly minor or trivial injuries are later determined to be more serious. Appellee had an obvious and serious injury which remained constant (or got worse) from his return to employment through the some 17 month period during which he filed no claim. No new development or new fact arose from the time appellee last saw a doctor (Dr. Barnes) in November of 1970 until he filed his claim for compensation on June 19, 1971. Under the undisputed facts in this record continuous good cause did not exist. Texas Employers' Ins. Ass'n v. Portley, 153 Tex. 62, 263 S.W.2d 247 (1953); Texas Employers' Insurance Association v. Leathers, 395 S.W.2d 601 (Tex.Sup.1965); Copinjon v. Aetna Casualty & Surety Co., 242 S.W.2d 219 (Tex.Civ.App.—San Antonio 1951, writ ref'd); Bray v. Texas Employers' Insurance Association, 483 S.W.2d 907 (Tex.Civ.App.—Houston (1st Dist.) 1972, writ ref'd n. r. e.); Texas Employers Insurance Association v. Dill, 369 S.W.2d 464 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n. r. e.).

We sustain appellant's first, second and third points of error and reverse and render the judgment of the trial court.