**CONTINENTAL CASUALTY COMPANY,
Appellant,**

**v.**

**Raymond Lee COOK, Appellee.**

**No. 923.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 20, 1974.

Rehearing Denied April 10, 1974.

Knox D. Nunnally, Vinson, Elkins, Searls, Connally & Smith, Houston, for appellant.

Richard P. Hogan, Helm, Jones & Pletcher, Houston, for appellee.

CURTISS BROWN, Justice.

This is a workmen's compensation case.

Appellee Raymond Lee Cook (Cook) was injured in the course and scope of his employment on March 2, 1967. Medical attention resulted in surgery on October 17, 1967. On January 12, 1968, ten months following his injury, appellee filed his claim for compensation. Appellee later brought this suit for his compensation claim. The trial court entered judgment for appellee, based on the jury verdict.

The question on this appeal is whether reliance upon personal, subjective feelings corroborated by the advice of a doctor that a claimant will fully recover is not, as a matter of law, good cause for failing to file a compensation claim within the statutory six months period.

Appellee was employed as a pilot and injured his back while kicking a jammed landing gear on an airplane on March 2, 1967. He continued at his job until May 2, 1967, when he aggravated this back injury while loading cargo. Appellee reported the injury to the company doctor, but he was told that nothing was wrong and received no treatment. Appellee's back condition did not improve, however, and in October 1967 he underwent surgery to correct the problem. During the period of hospitalization he was paid compensation benefits. Thirty days after surgery he was back at work on a part-time basis. Soon after returning to work he realized that his back was not getting better, and he proceeded to file a claim for compensation.

Appellee introduced into evidence the deposition of Doctor Stumer, who had performed the operation on appellee's back. The deposition indicated that he had seen appellee over a period from May 1967 to

January 1970. He further disclosed the following facts: that in November 1967 he had reported that the patient's postoperative course had been excellent, that he had noted in his records that Cook was having an "excellent and very satisfactory progress with minimal, if any, pain," that on February 2, 1968, he had expressed the opinion that Cook would have "no definite permanent disability as a result of his surgery," that on January 9, 1970, he had noted that the only disability reported by Cook was that he had to sleep on a hard bed and sit on a hard chair, that on January 9, 1970, he reported no abnormalities of any note, and that on the same date he reported to the insurer that Cook was sufficiently recovered from the injury to resume duties as a pilot.

Cook himself testified that following his operation he still had some problems with his back. He stated that these problems got worse about February of 1968. After his surgery he continued to take the physical examinations required by the F.A.A., administered by Dr. Knippel, the company doctor. He was not able to pass the first physical taken "sometime in 1968."

In response to special issues 6, 6(a), and 6(b), the jury found that Cook believed that his injury was trivial within six months from the date of its occurrence, that this belief caused him to delay filing his claim for compensation until the date of actual filing, and that this belief was good cause for his delay. The jury was properly instructed that a person has good cause for delay in filing a claim when he has prosecuted his claim with such diligence as an ordinarily prudent person would have used under the same or similar circumstances. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948).

■ A good faith belief on the part of the injured party that his injuries are not serious may constitute good cause, if his belief meets this test of ordinary prudence. Hawkins v. Safety Casualty Co.,

*supra*. The reasonableness of this continuing belief is not affected by the presence of almost constant pain, because pain and suffering are not compensable under Texas' workmen's compensation law. Advice from a physician that injuries are not serious constitutes good cause for failure to file within the six months period, provided that the claimant acts reasonably and with ordinary care in believing and relying upon that medical advice. Harkey v. Texas Employers' Ins. Ass'n, 146 Tex. 504, 208 S.W.2d 919 (1948). Whether a claimant has used that degree of diligence required by law is ordinarily a question of fact to be determined by the finder of fact. It may be determined against him as a matter of law only when the evidence, construed most favorably for the claimant, permits no other reasonable conclusion. Moronko v. Consolidated Mutual Insurance Co., 435 S.W.2d 846 (Tex.Sup.1968). Except for a reasonable time for the investigation and filing of a claim, good cause must be shown to be continuous and must exist up to the date of actual filing. Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.Sup.1965).

■ The evidence in this record does not compel the finding that appellee did not have good cause, as it did in Texas Employers Insurance Association v. Renfro, 496 S.W.2d 227 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ dism'd w. o. j.). Although it would seem that an operation would put most people on notice that their injuries were serious, there is at least some evidence to justify Cook's conduct. Under the standard of the Hawkins case, this is sufficient to sustain the jury's findings in this case. Cook's own testimony was that he felt he was recovering, and it was not until after his claim was filed that he really felt his condition was becoming seriously worse. The reasonableness of Cook's expectations is supported by the fact that up until the very week of filing, Dr. Stumer was of the opinion that Cook was on the way to complete recovery. It is understandable that since his hospital costs were

**286**

paid by the carrier, Cook would be reluctant to file a claim when he felt that he was on the way to recovery. This is especially true since pain and suffering are not compensable, and up until the time of filing Cook's primary complaint was pain. Clearly, a jury finding that appellee did not have good cause would have been sustainable under this record. Nevertheless, construing the evidence most favorably to appellee, we cannot determine the question against him as a matter of law.

Affirmed.