CONTINENTAL CASUALTY COMPANY,
Petitioner,

v.

Raymond Lee COOK, Respondent.

No. B–4640.

Supreme Court of Texas.

July 24, 1974.

Vinson, Elkins, Searls, Connally & Smith, Knox D. Nunnally, Houston, for petitioner.

Helm, Jones & Pletcher, Richard P. Hogan, Houston, for respondent.

PER CURIAM.

This is a workmen's compensation case. The problem is good cause or not for failing to file a claim within six months.

Raymond Lee Cook suffered an injury to his back in the course and scope of his employment on March 2, 1967. As a result, he underwent surgery on October 17, 1967. He filed a claim for workmen's compensation with the Industrial Accident Board on January 12, 1968, ten months after his injury. His claim was denied by the Board. Subsequently, he brought this suit. Based on a jury verdict, the trial court entered judgment for Cook. The Court of Civil Appeals has affirmed. 507 S.W.2d 283.

The question raised by this appeal is whether there was some evidence to support the jury's affirmative answer to the special issue on good cause for failing to file the compensation claim within the statutory six month period. We disagree with the Court of Civil Appeals and accordingly

reverse the judgment. However, in the interest of justice, we remand the case to the trial court for retrial.

Cook was employed as an airplane pilot. He injured his back while kicking at a jammed landing gear on March 2, 1967. The company doctor examined him after the injury but assured him it was trivial. Cook aggravated the injury on May 2. He then began receiving treatment for his back pain but did not miss a day of work because of the injury until October 5, 1967. At that time he was given a myelogram, the results of which led to surgery on or about October 16, 1967, for removal of a herniated disc.

Cook testified that he believed the injury to be trivial until the date of the myelogram. This is corroborated by the fact that he was not disabled and had only suffered pain up to that time, which is not compensable. Harkey v. Texas Employers' Insurance Association, 146 Tex. 504, 208 S.W.2d 919 (1948). However, when the myelogram showed the need for an operation, by his own admission the plaintiff Cook recognized the seriousness of the injury.

Cook remained in the hospital eight to ten days after his operation and was away from work during his recuperation for a total of thirty-four days. When he returned to his job, he was able to work only part-time and was placed on a job in a different department at a reduced salary. There is evidence that the doctors believed that Cook would fully recover from his operation and be able to serve as a pilot again. However, all persons involved were aware that the injury was serious. Finally, on January 12, 1968, Cook filed his compensation claim.

The issue submitted to the jury on good cause read and was answered as follows:

"Did Raymond Lee Cook within 6 months from the·date of such injury, believe that his injury was trivial? (Answer 'YES' or 'NO')     6.   Yes

*"If you answered 'YES' then answer questions (a) and (b); otherwise do not answer them:*

"(a) Did such belief cause Raymond Lee Cook to delay filing his claim for compensation with the Industrial Accident Board until such claim was filed? (Answer 'YES' or 'NO')                                        6(a)   Yes

"(b) Was such belief good cause for his delay in filing the claim for such period of time?

"You are instructed that a person has 'good cause' for delay in filing a claim when he has prosecuted his claim with such diligence as an ordinarily prudent person would have used under the same or similar circumstances.

          "(Answer 'YES' or 'NO')                              6(b)   Yes"

———◆———

The jury thus found that Cook believed his injury to be trivial and that "such belief" was good cause for the failure to file for the entire ten month period.

■   There is clearly evidence to support the finding of good cause until October 5, 1967. However, after the myelogram, the seriousness of the injury was apparent to

Cook. At that time, the language used in Texas Employers' Insurance Association v. Portley, 153 Tex. 62, 263 S.W.2d 247, 250 (1953), accurately describes the circumstances:

"[T]he plaintiff had a manifestly serious and disabling condition of which he was fully aware. At the very least, it was a condition which we hold should and would have led any reasonably prudent person under the same or similar circumstances to protect his rights by filing his claim."

 Under the holding of Texas Casualty Insurance Co. v. Beasley, 391 S.W.2d 33 (Tex.1965), an injured workman must show good cause for failure to file, not only for the six month period following the injury, but ·continued up to the very date of filing. Belief in triviality of the injury being the only issue submitted as a ground for good cause, Cook has failed to establish good cause for the full ten month period. Under that holding, the plaintiff Cook is charged with knowledge, after his myelogram, that his injury was no longer trivial.

Because the decision of the Court of Civil Appeals is in conflict with Texas Employers' Insurance Association v. Portley, supra, and Texas Employers' Insurance Association v. Hancox, 162 Tex. 565, 349 S.W.2d 102 (1961), the writ of error is granted, and without hearing oral argument, the judgments of the trial court and the Court of Civil Appeals are reversed under the provisions of Rule 483, Texas Rules of Civil Procedure.

However, in the record there is some evidence of other grounds possibly sufficient to show good cause. For example, Cook testified that all his medical bills for the back operation were paid by the employer or its compensation carrier, and that he received compensation during his recuperation period. In addition, he testified that the employer told him that all the requirements for filing a claim had been fulfilled. If proved, these assertions could constitute good cause for the late filing. Derr v. Argonaut Underwriters, 339 S.W.2d 718 (Tex.Civ.App.1960, writ ref. n. r. e.); Texas Employers' Insurance Association v. Hudgins, 294 S.W.2d 446 (Tex. Civ.App.1956, writ ref. n. r. e.); Allstate Insurance Company v. Godwin, 426 S.W.2d 652 (Tex.Civ.App.1968, no writ). Accordingly, we exercise the discretion conferred upon the court by Rule 505, Texas Rules of Civil Procedure; and in the interest of justice, we remand this cause to the trial court for new trial.

The judgments of the trial court and the Court of Civil Appeals are reversed and the cause is remanded to the trial court.