LIBERTY MUTUAL INSURANCE
COMPANY, Appellant,

v.

Wilma Lorene STANLEY, Appellee.

No. 8295.

Court of Civil Appeals of Texas,
Texarkana.

Feb. 24, 1976.

Rehearing Denied March 16, 1976.

Norman C. Russell, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Lynn Cooksey, Texarkana, for appellee.

RAY, Justice.

The opinion delivered by this court on July 8, 1975 is withdrawn and the following is substituted:

This is a workmen's compensation case. Appellee (plaintiff) Wilma Lorene Stanley, brought suit against her employer's insurance carrier, Liberty Mutual Insurance Company, appellant (defendant), seeking to set aside a final award of the Texas Industrial Accident Board. The appellee's claim was for total and permanent disability. She further asserted that good cause existed for her failure to file her claim within the statutory time limit. The jury found that Mrs. Stanley was totally and permanently disabled and further found that good cause existed for the late filing of her claim. The trial court entered a judgment upon the jury's verdict from which the appellant has timely appealed. Two points of error are presented for our consideration.

Appellee, an employee of Day and Zimmerman, Inc., injured her back when the chair which she was carrying became entangled in the bottom of her coveralls and caused her to fall. A claim for compensation was not filed with the Texas Industrial Accident Board until twenty-four and one-half (24½) months later. Appellant contends that Mrs. Stanley did not have good cause for the late filing.

Appellee received her injury on September 16, 1969 but did not report her injury to the Texas Industrial Accident Board until October 1, 1971. Mrs. Stanley was aware of the necessity to timely file her claim, but no steps to do so were taken within the six months following the date of her injury. Appellee knew that she had received an injury, had reported such, and had experienced pain which she attributed to the injury. She testified that when she was sick or unexcused from work that she knew such to be the result of her injury.

Appellee testified that she did not file her claim sooner because she thought her injury was trivial. Appellee's physician stated in his deposition that upon the initial visit that he did not believe her injury to be severe. Mrs. Stanley testified that in September of 1971 that her doctor told her something that caused her to change her mind about the seriousness of her injury. Mr. Stanley testified that he and his wife went to Dr. Leon Purifoy's office during the latter part of September, 1971, and that Dr. Purifoy told Mrs. Stanley that she would never be able to do any other work than walk.

During the twenty-four and one-half (24½) months from the date of injury to the date of filing her claim, Mrs. Stanley continued to work for her employer but was absent from work twelve days due to sickness and a total of thirty-three days as unexcused absences. According to Mrs. Stanley, the total of forty-five days lost work was the result of her injury. She saw her family physician forty-three times during the same period.

■ The test for good cause has been set out in the often cited cases of *Moronko v. Consolidated Mutual Insurance Company,* 435 S.W.2d 846 (Tex.1968) and *Hawkins v. Safety Casualty Co.,* 146 Tex. 381, 207 S.W.2d 370 (1948). In *Hawkins,* the Supreme Court stated:

"The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion."

In *Harkey v. Texas Employers' Ins. Ass'n,* the Texas Supreme Court stated:

"There are several distinct factual bases for good cause under Art. 8307, sec. 4a, R.S.1925, Vernon's Ann.Civ.St. art. 8307, § 4a. Claimant's belief in good faith that his injuries are not serious is one, provided a reasonably prudent person in the same or similar circumstances would have delayed filing his claim. *Texas Employer's Insurance Association v. Clark,* Tex. Civ.App., 23 S.W.2d 405, error dismissed. And while such belief continues, the fact that almost constant pain exists does not affect the issue; since pain and suffering are not compensable. *Texas Employers' Ins. Ass'n v. Roberts,* 135 Tex. 123, 139 S.W.2d 80. Advice from a physician that his injuries are not serious constitutes good cause for failure to file a claim within the prescribed time, provided the claimant, in the exercise of ordinary care, believes and relies upon that advice. *Consolidated Underwriters v. Pruitt,* Tex.

Civ.App., 180 S.W.2d 461, er. ref., want of merit."

*Harkey v. Texas Employers' Ins. Ass'n,* 146 Tex. 504, 208 S.W.2d 919, 921–922 (1948).

"It is not enough to satisfy the statutory requirement to prove that good cause for failure to file existed during the six-month period; an injured workmen owes a duty of continuing diligence in the prosecution of his claim, and must prove that good cause for failure to file continued up to the date of filing." *Texas Casualty Insurance Company v. Beasley,* 391 S.W.2d 33, 34 (Tex. 1965). An employee may show good cause for failure to timely file his claim, if on his own he believes his injuries to be trivial (and provided, that he has no affirmative medical opinion to the contrary). *Texas Employers' Ins. Ass'n v. Clark,* 23 S.W.2d 405 (Tex.Civ.App. Eastland 1929, writ dism'd); *Texas Employers' Ins. Ass'n v. Roberts,* 135 Tex. 123, 139 S.W.2d 80 (Tex. Com.App.1940, opinion adopted).

Upon reporting to the company doctor following her accident, Mrs. Stanley was told that she could go back to work. Appellee testified at that time that she did not believe her injury to be severe. Subsequently, she went to see her family physician, Dr. Purifoy. After visiting with him, she again stated that she did not believe her injury to be serious and continued to work. The company doctor only saw appellee three times and fully and finally discharged her to return to regular duty without ever seeing her again. The record is replete with testimony by Mrs. Stanley that she had no intentions of filing a claim for workmen's compensation because she thought her injury was trivial. She continued to work for the same company during the twenty-four and one-half (24½) months between the time of her injury and the time of filing her claim for compensation. Her first sick leave was granted at the request of her family physician on November of 1970, some fourteen months after her injury. On July 26, 1971, appellee visited her doctor and again visited her family physician on August 17, 1971, at which time her physician requested and appellee was granted a sick leave beginning August 17, 1971, for a period of one month. On this same date she spoke to her physician about her disabilities, but testified that it was not until later that her doctor told her that her injuries were serious. Mr. Stanley testified that the doctor told his wife that her injuries were serious during an office visit in the latter part of September, 1971. Shortly thereafter on October 1, 1971, appellee filed her claim for compensation with the Texas Industrial Accident Board.

The Appellate Courts are bound by the decision of the trier of facts as to whether or not the claimant has used that degree of diligence in filing his claim as an ordinarily prudent person would have done under the same or similar circumstances and that issue may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion. *Hawkins v. Safety Casualty Co.,* supra, *Lee v. Houston Fire and Casualty Insurance Company,* 530 S.W.2d 294 (Tex.1975). We hold that the evidence was sufficient for the jury to have concluded, as it did, that Mrs. Stanley had exercised the requisite degree of diligence in filing her claim and that good cause existed for the late filing.

The other point of error deals with the jury's findings of total and permanent disability. We have once again reviewed the record as it relates to the fact findings made by the jury, and we cannot say as a matter of law that the record is totally without evidence to support such findings. We hold that the evidence was sufficient to sustain the jury verdict and the judgment entered by the trial court.

Appellee's motion for rehearing is granted, appellant's points of error are overruled, and the judgment of the trial court is affirmed.