Patricia Ann LeBLANC, Appellant,

v.

MARYLAND AMERICAN GENERAL INS. CO., Appellee.

No. 8447.

Court of Civil Appeals of Texas, Beaumont.

May 8, 1980.

Rehearing Denied May 29, 1980.

Stephenson, Thompson & Dies, David Dies, Orange, for appellant.

Michael W. Melton, Howard W. Kaffenberger, Houston, for appellee.

CLAYTON, Justice.

This is an appeal from a summary judgment in a worker's compensation case. Appellant, Patricia Ann LeBlanc, filed this suit seeking benefits under the Worker's Compensation Act. Appellee, Maryland American General Insurance Company, filed its motion for summary judgment upon grounds that appellant did not file her claim for compensation with the Industrial Accident Board pursuant to Tex.Rev.Civ. Stat.Ann. art. 8307, § 4a (Vernon 1967), within six months of the date of her injury. The trial court granted appellee's motion for summary judgment and entered a decree dismissing appellant's cause of action with prejudice.

The summary judgment proof, consisting of the pleadings, depositions, and affidavits, reflects that appellant was employed by Luby's Cafeteria as a salad maker and prior to her injury had been employed by Luby's for approximately twelve years. On October 27, 1974, during the course of her employment, appellant sustained an injury while attempting to lift a crate of tomatoes, and, while doing so, she sustained a "catch in her back" with attendant pain. She did not, for reasons hereinafter discussed, file her claim for compensation until August 12, 1976.

■ This is not a case involving the question whether appellant has proven facts sufficient to show she had "good cause" for not filing her claim for compensation within the prescribed six months after her injury. This is a summary judgment proceeding filed by appellee, and it is its burden to prove, as a matter of law, that there is no genuine issue of fact as to this element of appellant's cause of action. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972).

■ In considering the propriety of a summary judgment, the reviewing court must accept as true the non-movant's version of the facts as evidenced by the summary judgment proof and must make every reasonable inference in the non-movant's

favor. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Conerly v. Morris*, 575 S.W.2d 633 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). It matters not that the court may surmise that the party opposing the motion is unlikely to prevail upon the final merits. *Herold v. City of Austin*, 310 S.W.2d 368 (Tex.Civ.App.—Austin 1958, writ ref'd n.r.e.).

■ It is well settled that on a review of a summary judgment all conflicts in the evidence are disregarded; the proof which tends to support the position of the party opposing the motion is accepted as true, and all doubts as to the existence of a genuine issue of a material fact are resolved against the movant. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex. 1972); *Ginther v. Taub*, 570 S.W.2d 516 (Tex.Civ.App.—Waco 1978, writ ref'd n.r. e.).

Based upon the foregoing rules as to summary judgment proof, we now look to the record before us to determine whether appellee has discharged its burden. Appellant testified, by deposition, that she had been working for Luby's for approximately twelve and a half years prior to her injury. On October 27, 1974, the date of her injury, she was employed as a salad maker. She was injured while attempting to lift a crate of tomatoes "when I got a catch in my back." She continued her duties for the remainder of that day. On the following morning she consulted Dr. North who told her he thought she had a pulled muscle in her back and to remain off from work until she "got some kind of relief." She was off work for "seven, eight or nine days." She then went back to work on light duty.

After going back to work, she "felt a little better. I still had pains in my back." She continued to work, without missing any time off, until some time in February 1976. She went back to Dr. North some time in 1975 and received several ultrasonic treatments which relieved the pain temporarily.

Appellant was referred by Dr. North to Dr. Fukuda who saw her on April 13, 1976, at which time he took x-rays of her back, and he testified that "they were within

normal limits except [as to] the spinal bifida." Appellant was suffering pain at that time, and Dr. Fukuda stated, with reference to the pain, that "this gradually occurs, and some people tolerate it and adopt it. . ." He testified also that some patients suffering some type of injury may not suffer radiating pain until "a couple of years" following the injury. He did not perform a myelogram at this time, but he did make a diagnosis of "possible intervertebral disc protrusion at the levels of L–4–5 on the right side."

There is nothing in the record to show that this information was conveyed to appellant. The evidence shows the doctor talked to her husband, but the only thing in the record as to appellant was that "something was said about a 'disc.'" We note that Dr. Fukuda saw appellant again on March 5, 1977, approximately ten months *after* appellant filed her claim for compensation, following an onset of severe pain. At this time, the doctor testified she had severe pain with moderate degree of list, which was due to muscle spasm. X-rays were taken, and there were no "obvious changes" from those taken April 13, 1976. A myelogram was performed on March 15, 1977. The results of this test were "not remarkable—more or less within normal limits." He did not recommend surgery stating that "in this case [it was] questionable." Subsequently, on December 6, 1977, another myelogram was performed indicating a herniated disc, and surgery was performed by another surgeon.

Appellant maintained that after her injury she believed the injury to be trivial and was not serious, even though she was having pain, off and on, during the period following the injury and until she quit working in February 1976. In her affidavit, which was a part of the summary judgment proof, she states, under oath, that following the examination of Dr. Fukuda in April 1976, "At this point in time I still thought I had *minor muscle problems in my back*, that I would be all right and did not want to pursue the matter. I considered these problems to be trivial because they would come and go. By August of 1976,

due to the increasing severity or due to the increasing problems with my back, I felt my injuries were serious and that I should see an attorney because . . . I was afraid that my problems were serious. . . ." Appellant signed her claim for compensation on August 12, 1976, which was received and filed with the Industrial Accident Board a few days later.

■ The summary judgment proof shows that appellant believed that her injuries were trivial and were not serious, and that such belief continued up until the time she filed her claim for compensation. No evidence was offered to the contrary. Good faith belief on the part of appellant that her injuries were not serious may constitute "good cause" provided the belief meets the test of ordinary prudence. *Hawkins v. Safety Casualty Co.*, 146 Tex. 381, 207 S.W.2d 370 (1948); *Texas Employers' Insurance Association v. Renfro*, 496 S.W.2d 227 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ dism'd); *Liberty Mutual Insurance Co. v. Stanley*, 534 S.W.2d 191 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). And, while such a belief of appellant reasonably continues, the fact that almost constant pain exists does not affect the issue of whether she had good cause not to file her claim within the prescribed time, since pain and suffering are not compensable. *Texas Employers' Insurance Association v. Renfro*, supra.

■ Whether a claimant has used that degree of diligence required by law is ordinarily a question of fact to be determined by the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other conclusion. *Moronko v. Consolidated Mutual Insurance Co.*, 435 S.W.2d 846 (Tex.1968).

■ The summary judgment proof, viewed in accordance with the rules stated in the above authorities, does not prove, as a matter of law, that appellant did not have "good cause" for a late filing of her claim for compensation. The proof does not show, as a matter of law, that there was

not a genuine issue of fact as to the question of good cause. The proof raises an issue of fact that appellant believed her injuries were trivial and not serious and that such belief continued up until the time she filed her claim with the Industrial Accident Board. This summary judgment proof precluded the granting of a summary judgment in favor of appellee.

The judgment of the trial court in granting the summary judgment is reversed, and the cause is remanded for a trial on the merits.

REVERSED and REMANDED.

DIES, C. J., not participating.