In the Matter of the Claim of Walter Hackett, Respondent, v. Almor Corporation et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, December 18, 1974.

*Herbert Lasky (Thomas J. Spargo of counsel), for appellants.*

*Walter Hackett, respondent pro se.*

*Louis J. Lefkowitz, Attorney-General (Morris N. Lissauer and Daniel Polansky of counsel), for Workmen's Compensation Board, respondent.*

Cooke, J. The material facts are not in dispute and the sole issue presented on this appeal is whether damage to an artificial limb, unaccompanied by other physical injury, is an accidental injury within the meaning of the Workmen's Compensation Law.

Claimant's left leg replacement broke while he was carrying a pail of metal at his employer's premises on July 5, 1972. The attending physician's supplementary report stated that "Patient is in excellent health but unable to work because prosthesis is broken. He must use crutches for ambulation now." The Workmen's Compensation Board affirmed a referee's decision awarding claimant six and three-fifths weeks of disability benefits and ordered the carrier to furnish claimant with a new prosthesis.

Appellants, relying on *Matter of Geiger v. Bell Aerosystems Co. Div.* (28 A D 2d 178), contend that accidental damage to

a medical device unaccompanied by physical injury is not compensable. In that case, claimant broke a lens in his eyeglasses in the course of his employment and filed a claim for the bill for the replacement. No bodily injury was sustained by claimant and the loss suffered was solely that of property. In reversing the board's finding that the breaking of the eyeglasses constituted an accidental injury, this court stated: "under the present Workmen's Compensation Law an accident to a medical device is not compensable unless the claimant suffers a physical bodily injury and an injury solely to a medical device does not constitute a bodily injury." (*Matter of Geiger v. Bell Aerosystems Co. Div., supra*, p. 179. See, also, *Matter of La Rose v. Hof*, 28 A D 2d 185.)

The instant fact pattern readily fits into the *Geiger* mold and its disposition must be controlled by that decision (see, also, *London Guar. & Acc. Co. v. Industrial Comr.*, 78 Col. 478; 1A Larson, Workmen's Compensation Law, § 42.12). The result may appear harsh and, at first blush, inconsistent with the long-established rule of liberal construction of remedial legislation such as this (see, e.g., *Matter of Delinousha v. National Biscuit Co.*, 248 N. Y. 93; *Matter of Sussman v. Golstein Co.*, 9 A D 2d 3, 5; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 302). Indeed it has been argued that: "There can be no question but that a man who has lost the use of an artificial limb is disabled. Indeed, where is the fundamental difference between injury to a real and an artificial member? A man is injured and his leg is amputated; he has lost the use of the stump and is given an artificial limb. This, we say, is justifiable, for it tends to relieve him from the consequences of the injury. Here is a man who has been placed by an industrial accident in the identical position; that is, he has lost the use of the remainder of the limb and requires an artificial leg to relieve him from the consequences of the accident. But this man, it is contended, is not entitled to that relief because the amputated leg was wood and not flesh * * * If a man with a wooden leg is fully able to perform his duties, and thereafter, upon the loss of the said leg, is unable to perform his duties, how can it be said * * * that his is uninjured * * * To say that this man is not disabled is directly to contradict the physical facts." (*Pacific Ind. Co. v. Industrial Acc. Comm.*, 215 Cal. 461, 464–465.)

However, in the absence of an expression of legislative intent similar to that underlying the last-cited case, wherein the statute defined "injury" as including "any injury or disease arising out of the employment *including injuries to artificial members*"

(California Workmen's Compensation Act, § 3, subd. 4; emphasis supplied), we would be engaging not in liberal construction of the Workmen's Compensation Law but in a rewriting thereof which is plainly not the function of the courts. The Legislature could properly amend the law to provide for workmen's compensation in cases such as this, as it has done in the case of volunteer firemen (see Volunteer Firemen's Benefit Law, § 11-a). Its failure to do so leaves the board without the authority to sanction the payment of compensation where there is no bodily injury (*Matter of Geiger* v. *Bell Aerosystems Co. Div.*, 28 A D 2d 178, 179, *supra*).

The decision should be reversed and the claim dismissed, with costs to appellants against the Workmen's Compensation Board.

HERLIHY, P. J., STALEY, JR., SWEENEY and REYNOLDS, JJ., concur.

Decision reversed, and claim dismissed, with costs to appellants against the Workmen's Compensation Board.