Eula Fay Pope KENNARD, Appellant,

v.

Lula Velma Kennard McCRAY, et al., Appellees.

No. 12–81–0070–CV.

Court of Appeals of Texas, Tyler.

Feb. 24, 1983.

Rehearing Denied April 14, 1983.

Robert B. Todd, Gregory A. Ostendorf, Houston, for appellant.

Gordon L. Ginn, Eugene J. Pitman, Delange, Hudspeth, Pitman & Katz, Houston, for appellees.

McKAY, Justice.

Suit was brought by appellant Eula Fay Pope Kennard, individually and as independent executrix of the estate of Thomas Kennard, against International Tool Co., Inc. for damages for breach of contract, and against Lula Velma Kennard McCray to set up a constructive trust upon royalties paid her by International Tool pursuant to an assignment of said royalties. Trial was to the court upon stipulated facts. From a take-nothing judgment Mrs. Kennard appeals.

The facts stipulated at trial were as follows. In 1964, while married to Lula Velma Kennard McCray (McCray), Thomas Kennard (Thomas) entered into a licensing agreement with International Tool Co. (International). This agreement provided for periodic payment of royalties to Thomas by International in return for the exclusive right to manufacture and market certain of his inventions. Thomas and McCray were divorced in 1965, and a part of the decree ordered Thomas to pay certain sums to McCray for the support of their two minor children. As part of the property settlement incorporated into the decree, Thomas and McCray were each awarded one-half of the royalty to be paid under the licensing agreement.

Later that same year, Thomas married Eula Fay Pope Kennard (Kennard). In 1967, the court found Thomas in contempt for failure to pay child support to McCray as previously ordered, and an order of commitment was entered in 1968. McCray never tried to enforce this order against Thomas. However, in 1969 Thomas and McCray executed an agreement whereby Thomas assigned his right to one-half of the royalties to McCray "for and in consideration of the release from paying child support to

Mrs. Lula Velma Kennard McCray for the support and maintenance of assignor's two minor children ...." A copy of this assignment was given to International, which thereafter paid all royalties due under the licensing agreement to McCray. The assignment and release agreement was never presented to or approved by the court.

Thomas died testate in 1975, and Kennard was named independent executrix of his estate under the will, which also named her sole beneficiary of the estate. Thereafter she filed this action against International, claiming it was in breach of the licensing agreement for failure to pay royalties to Thomas' estate from the date of the assignment; and against McCray in the alternative, seeking a constructive trust upon all royalties paid her pursuant to said assignment. From a take-nothing judgment Kennard now appeals.

Kennard brings three points of error. In her first point she contends the trial court erred in rendering judgment for appellees because the assignment asserted by them as a defense was void as a matter of law for lack of consideration. She argues that the only consideration given by McCray for the assignment of royalty was an agreement to release Thomas from his obligation to pay child support under the divorce decree, and that such agreements have been held void and unenforceable by the courts. In support of this contention she cites *Ex parte Colley*, 621 S.W.2d 649, 651 (Tex.Civ.App.— Austin 1981, no writ); *Ex parte Payne*, 598 S.W.2d 312, 317 (Tex.Civ.App.—Texarkana 1980, no writ); and *In re McLemore*, 515 S.W.2d 356, 357 (Tex.Civ.App.—Dallas 1974, no writ). In our view these cases do not control the disposition of this appeal for the reasons stated below.

Each of the cases cited by appellant involved a habeas corpus action. In each the husband had by prior divorce decree been ordered to make payments to the wife for the support of their minor children, and had defaulted thereon. In each the wife had brought an action seeking to hold the husband in contempt. The husbands attempted to defend with evidence of some agree-ment whereby the wife had released the husband from his obligation to make support payments. None of these agreements were presented to or approved by the court. In each case the trial court had refused to enforce the purported agreements and had jailed the husbands for contempt. On appeal, the courts stated the rule that it is against the public policy of this state for the parents of minor children to modify a decree for child support payments without court approval. Thus said agreements were held void and unenforceable *in the face of a suit by the wife to compel payment under the terms of the decree.*

We adhere to the general principle thus announced in *Colley, Payne,* and *McLemore, supra;* however, in our opinion the rule there set out does not apply under the facts of the case at bar. Here the agreement was not asserted as a defense to a suit by the custodial parent to enforce the terms of a child support order. Here McCray, the custodial parent, took no action to compel Thomas to make child support payments after the assignment was executed. She made no attempt to enforce against him the judgment of contempt which she had earlier obtained. Rather, in the instant case it is the representative of the estate of the non-custodial parent who now seeks to set aside the assignment of royalties, because it was given in consideration of an agreement releasing the noncustodial parent from his obligation to make said support payments. Such a contention cannot stand under the facts of this case where the agreement has been fully executed by both parties thereto.

Even if McCray did not have the power to release Thomas from paying child support, she did have the power to refrain from prosecuting her legal remedies to collect the child support arrearages already adjudged against Thomas and from actions to collect future payments. As noted above, McCray did refrain from exercising her legal right to enforce the child support order after the assignment was executed. It is, of course, well settled that the forbearance in the exercise of a legal right is sufficient consideration for a contract.

*Leonard v. Texaco, Inc.*, 422 S.W.2d 160, 165 (Tex.1967); *Liberty Mutual Ins. Co. v. Martinez*, 407 S.W.2d 272, 274–5 (Tex.Civ.App.—El Paso 1966, no writ); *Trantham v. Roper*, 308 S.W.2d 195, 197 (Tex.Civ.App.—Texarkana 1957, writ ref'd n.r.e.); *Russell v. Lemons*, 205 S.W.2d 629, 632 (Tex.Civ.App.—Amarillo 1947, writ ref'd n.r.e.).

 In addition, appellant brings this action in her representative capacity as independent executrix of Thomas' estate, and thus comes within the rule of *Hunt v. Turner*, 9 Tex. 385, 389 (1853), wherein the heirs of the grantor were held not able to recover land sold by their ancestor at a time when he was forbidden by law to alienate it. Thus appellant stands in the shoes of Thomas and must be regarded, for purposes of this action, as a party to the assignment. It is settled that a party to a contract prohibited by law which has been executed by delivery of property thereunder may not secure the aid of a court to recover said property delivered under said contract. Rather, the policy of the law is to leave the parties to such executed, unlawful contract in the position in which they, by their voluntary acts, have placed themselves. *Washer v. Smyer*, 109 Tex. 398, 211 S.W. 985, 991 (1919); *Beer v. Landman*, 88 Tex. 450, 31 S.W. 805, 806 (1895); *Davis v. Sittig*, 65 Tex. 497, 501 (1886); *Blaine v. Blaine*, 207 S.W.2d 989, 994 (Tex.Civ.App.—Dallas 1947, writ ref'd n.r.e.); *Word v. J.E. Earnest & Co.*, 129 S.W.2d 833, 836 (Tex.Civ.App.—Dallas 1939, reversed on other grounds, 137 Tex. 16, 152 S.W.2d 325).

As to appellant's claim against International, lack of consideration is purely a matter between the assignor and assignee; it is immaterial so far as the duty of the obligor (International) is concerned, since payment to the assignee discharged its obligations under the contract. *St. Louis Southwestern Ry. Co. of Texas v. Jenkins*, 89 S.W. 1106, 1107 (Tex.Civ.App.—San Antonio 1905, no writ); 6A C.J.S. *Assignments* § 87a (1975). Appellant's first point is overruled.

The remaining two points of error asserted by appellant are neither briefed nor argued. It is well settled that points of error not supported by argument and authorities are waived. *Dacus v. Grimes*, 624 S.W.2d 298, 300 (Tex.App.—Tyler 1981, no writ); *Ozuna v. Dyer Fruit Box Mfg. Co.*, 606 S.W.2d 334, 337 (Tex.Civ.App.—Tyler 1980, no writ); Tex.R.Civ.P. Rule 418(e).

The judgment of the trial court is affirmed.