NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Appellant,

v.

Jerry Dean JANES, Appellee.

No. 08–84–00016–CV.

Court of Appeals of Texas, El Paso.

March 13, 1985.

Rehearing Denied April 10, 1985.

W. Bruce Williams, Julia E. Vaughan, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellant.

Robert E. White, Childs & Bishop Law Offices, Inc., Odessa, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is a workers' compensation case appeal taken from a judgment based on a six member jury verdict in the Ector County Court at Law. The jury found a forty percent permanent partial loss of use of Appellee's right leg. The event complained of occurred due to the breaking of a temporary compression plate on the leg, placed there following a prior injury. We reverse and remand.

Appellee, Jerry Dean Janes, was first injured in February, 1981, in Mattoon, Illinois, while demonstrating snowmobiles for his then employer, Mattoon Lawn & Leisure. As a result of the accident, Appellee sustained bilateral open tibial fractures, knee injuries and a broken right femur. The present case concerns the fractured right femur. The fractured right femur was treated by the placing of a metal compression plate on the femur at the fracture site, by a Dr. McKechnie, an Illinois ortho-

pedic surgeon. After this surgery, Appellee went back to work for Mattoon Lawn and Leisure for several months. Appellee then moved to Odessa where he obtained employment with the Western Company as a truck mechanic. On December 3, 1981, while Appellee was climbing onto a truck, he felt a "thud" in his right leg and it buckled. The compression plate attached to his femur had broken. Appellee continued working for the rest of his shift, approximately four hours, even though he was not able to bear weight on his right leg.

The following Sunday, Appellee went to Midland Memorial Hospital, where x-rays were taken and his right leg was immobilized. A couple of days later, Appellee was seen by a Dr. Cochran, an orthopedic surgeon in Midland, who recommended that the old plate be surgically removed and a new compression plate be put in its place. A fibrous union had formed as part of Appellee's femur as a result of Appellee's Illinois injury. The medical testimony was to the effect that a fibrous union results when the soft tissue damage is so extensive at the fracture site that a good bone connection cannot form.

Appellee brought suit against the Western Company's workers' compensation insurance carrier. At trial, the Appellant unsuccessfully moved for an instructed verdict. The jury found forty percent permanent partial loss of use of the right leg. Prior to the court rendering judgment on the verdict, the Appellant moved for judgment non obstante veredicto. The trial court overruled the motion and the Appellant perfected this appeal.

Appellant's first point of error concerns the overruling of Appellant's motion for instructed verdict because there was no probative evidence on the issue of harm or damage to the physical structure of Appellee's body. Appellant's second point urges error in the overruling of Appellant's motion for judgment non obstante veredicto because there was no probative evidence of harm or damage to the physical structure of Appellee's body to support a jury finding

of injury. Finally Appellant's third point asserts error in the entry of judgment for the Appellee because there was insufficient evidence on which to support a jury finding of injury and the finding is manifestly unjust.

Appellant's first three points of error center on what constitutes injury under the workers' compensation statute. The pertinent part of the controlling statute is contained in Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 20 (Vernon Supp.1985) which states in part, "[w]herever the terms 'Injury' or 'Personal Injury' are used in the Workmans' Compensation Laws of this State, such terms shall be construed to mean damage or harm to the physical structure of the body." It is also well settled by the case law that the above definition of injury also includes aggravation of a preexisting injury resulting from such harm or damage. *See: Gulf Insurance Company v. Gibbs*, 534 S.W.2d 720, 724 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.)

The Texas Supreme Court in the case of *Bailey v. American General Insurance Co.*, 154 Tex. 430, 279 S.W.2d 315, 318 (1955), stated:

> The phrase "physical structure of the body", as it is used in the statute, must refer to the *entire* body, not simply to the skeletal structure or to the circulatory system or to the digestive system. It refers to the *whole*, to the complex of perfectly integrated and interdependent bones, tissues and organs which function together by means of electrical, chemical and mechanical processes in a living, breathing, functioning individual. To determine what is meant by "physical structure of the body", the structure should be considered that of a living person—not as a static, inanimate thing.

The Appellee asserts that the question of whether or not he sustained injury to his body is exclusively within the province of the jury, citing *Dealers National Insurance Company v. Simmons*, 421 S.W.2d 669, 675 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.). A more accurate reading of the case would reveal that it stands for the proposition that where there is sufficient evidence to warrant a finding of injury, then such a finding of sufficient evidence is exclusively within the province of the jury and the verdict will be upheld on appeal. *Supra* at 675.

Appellant's first two points of error will be treated together. The standard of review on both "no evidence" points is the same. The Court of Appeals will view the evidence in a light most favorable to the finding of fact, considering only the evidence which supports the finding and disregarding any evidence to the contrary. *Cartwright v. Canode*, 106 Tex. 502, 507, 171 S.W. 696, 697 (1914). At the trial of the present case, three witnesses appeared—the Appellee, a Mrs. P. Martinez (a claims adjuster for American International Adjustment Co.), and Dr. Jerry Cochran. The testimony of the Appellee was that when the plate broke, he suffered great pain and swelling and he felt like he had suffered damage to his leg. The testimony was also that he had to "carry" his right leg by putting more weight on his left leg and his hands. Dr. Cochran testified, disregarding at this time any of his testimony to the contrary, that when the plate broke, it aggravated the prior condition of Appellee's leg. While mere pain is not compensable under the workers' compensation statute, *Continental Casualty Company v. Cook*, 507 S.W.2d 283, 285 (Tex.Civ.App. —Houston [14th Dist.] 1974) *reversed other grounds*, 515 S.W.2d 261 (Tex.1974), there is probative evidence of swelling as well as the statement by Dr. Cochran of aggravation of previous injury. Such evidence would support a jury finding of injury as defined in the statute. Appellant's first two points of error are overruled.

Appellant's third point of error is that the trial court erred in entering judgment for Appellee because the evidence was factually insufficient to support the jury finding of injury and such finding was manifestly unjust and against the great weight and preponderance of the evidence.

In reviewing factual insufficiency points, the Court of Appeals will consider all of the evidence in the record that is relevant to the facts being challenged. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952). A great weight point requires a consideration of all of the evidence, both that tending to prove the fact and that lending to disprove the fact. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361, 367 (1960); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

■ While there is enough evidence as to injury to survive the stiffer "no evidence" test, the record as a whole reveals that it is factually insufficient to support a jury finding of injury and such finding is against the great weight and preponderance of the evidence. Dr. Cochran did testify on cross-examination that the plate's failure did aggravate the condition the leg was in already. On redirect examination by the defense (Appellant), Dr. Cochran said that he had not understood the full extent of Appellee's questions as to aggravation of the previous injury. The doctor testified in pertinent part in this regard, "Mr. Jane's condition was the same after the accident as it was before the accident, the only difference is the plate broke." He further testified that the fibrous union in Appellee's right leg continued to exist after the plate broke.

Appellee testified on cross-examination that he did not know the condition of his leg prior to the plate breaking, was unaware of the fibrous union and didn't know of his own knowledge that there was any more problem with the physical part of his leg after the plate broke than before. He further testified that in the months before the plate broke he had been having a lot of trouble with the leg and after weight lifting he experienced swelling and soreness. He was asked in regard to the period before breaking, "[i]n fact everything you did caused soreness and swelling, didn't it?" To which Appellee responded, "[y]es, Sir." He further testified that prior to the plate breaking on December 3, 1981, he considered the soreness and swelling was just part of the process of healing of the older snowmobile accident and further that these conditions occurred whether he was weight lifting or with whatever else he was doing. It appears, therefore, that the condition of swelling was present prior to the breaking of the plate.

■ Short of any swelling, the only damage which could have taken place was the breaking of the compression plate. The question then becomes whether the plate breaking in and of itself constitutes damage or harm to Appellee's physical structure. The Texas Supreme Court in *Bailey v. American General Insurance Company, supra*, defined injury in terms of tissues, bones and organs. A temporary plate as used on Appellee's right femur does not fit into these categories. A temporary plate as was used in the present case does not become part of the bone. The breaking of a temporary plate would not be the breaking of the bone. Its identity is entirely separate from that of the bone.

■ The Texas courts have not ruled on whether artificial members are covered by the state's workers' compensation statute's definition of injury. The general principle that a court will not in the absence of an expression of legislative intent construe the workers' compensation laws to include injuries to artificial members was established in *London Guaranty & Accident Co. v. Industrial Commission of Colorado*, 80 Colo. 162, 249 P. 642 (1926). The best statement of this principle is contained in *Hackett v. Almor Corporation*, 46 A.D.2d 261, 362 N.Y.S.2d 209 (1974) where the New York Supreme Court Appellate Division declined to engage in a rewriting of the workers' compensation legislation to include artificial members under the term injury absent an expression of legislative intent to include such. Some states do allow recovery for injuries to artificial members, but these states have a legislative mandate to do so. Without an expression of legislative intent, Texas courts should not allow recovery for injuries to artificial members. In that the plate here

involved was meant only as a temporary repair aid, it falls into the same category as a brace or a cast and did not become a permanent integrated part of the body. The advancement of medical technology suggests that this is a proper subject of consideration for the legislature. Appellant's Point of Error No. Three is sustained because the evidence was factually insufficient to sustain a jury verdict of injury.

Appellant's Points of Error Nos. Four through Nine center on the causal relationship of the injury, if any, to the employment. These points of error contain both "no evidence" and "insufficient evidence" allegations. The "no evidence" points of error urge that the trial court erred in overruling Appellant's motions for instructed verdict and for judgment non obstante veredicto and entering judgment for the Appellee because there was no evidence to support a jury finding of injury in the course of employment or that the employment was a producing cause of the loss of the use of Appellee's leg. The "no evidence" points of error are overruled. The Appellee was injured while climbing on a truck in the course of his employment. If injury could be assumed, then the fact that he was climbing on the truck during the course of his employment when the plate broke would be enough to allow for a jury finding for the Appellee on the "no evidence" points. We need not respond to the factual insufficiency assertions in view of the remand.

The judgment of the trial court is reversed and the cause remanded for a new trial.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent, for I am unable to agree that the great weight and preponderance of the evidence is contrary to the jury's finding of injury. It matters not how the cases may define injury, for the jury was given a definition to work by. It was: " 'INJURY' means damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom, or the incitement, acceleration, or aggravation of any disease, infirmi-ty, or condition, previously or subsequently existing, by reason of such damage or harm."

There was evidence from the Appellee that he had swelling in the leg after the break; that is damage or harm to the physical structure of his leg, not the plate. Dr. Cochran testified:

Q: Okay. From a medical viewpoint, was there a new and distinct injury on December 4, 1981 when he stepped up on this truck or was this a complication of a pre-existing injury arising out of the snowmobile accident?

A: I would have to say it was probably coming from the snowmobile accident, the residual of it. Let's say the snowmobile incident initiated the problem and the acts of walking up the truck precipitated the current problem.

The doctor also testified that when the plate broke, it aggravated whatever condition the Appellee's leg was in the moment before it broke. As noted, he later said that he did not understand the extent of the question. These are the only witnesses on the injury subject and the evidence of injury is meager, but it is sufficient to sustain the jury finding. The important thing is that there is no great preponderance of evidence to the contrary. I would affirm.