Rique D. BOBBITT, d/b/a Attorneys Bail Bonds, Appellant,

v.

John K. WOMBLE, et ux., Appellees.

No. 01–85–0705–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 3, 1986.

Walter P. Mahoney, Jr., Pasadena, for appellant.

Rosemary E. Williams (No Brief Filed) Houston, for appellees.

Before JACK SMITH, EVANS and WARREN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from an order directing Rique D. Bobbitt, d/b/a Attorneys Bail Bonds, to pay the sum of $3,500 to John K. Womble, et ux, pursuant to the terms of an appeal bond for which Bobbitt was surety. David Newton was principal and defendant in the justice court, but is not a party to this appeal.

On November 30, 1984, appellees filed a forcible detainer suit in the justice court against Newton. A default judgment was entered on December 11, 1984, which awarded possession of the property in question to appellees.

On December 17, 1984, Newton executed an appeal bond, and an appeal by trial de novo was taken to the county court. Pursuant to the terms of the appeal bond, Newton and appellant, as surety, covenanted that Newton would "prosecute his said appeal with effect and pay all costs and damages which may be adjudged against him, provided the sureties will not be liable in an amount greater than $3,500...."

On March 26, 1985, a trial was conducted before the county court, which found that Newton had breached the terms of the lease agreement and thus, had forfeited the right to possession of the premises. On April 30, 1985, the court entered an order forfeiting Newton's right of possession and ordering a writ of restitution of the premises in favor of appellees. On May 7, 1985, the court entered a second order forfeiting Newton's appeal bond and ordering appellant to pay appellees $3,500, pursuant to the terms thereto. It is from this second order that appellant appeals. No findings of fact and conclusions of law were filed in the original proceeding; no statement of facts has been filed with this Court for the original proceeding or the hearing on the motion for new trial.

Appellant presents three points of error. In the first and third points, appellant contends that because he was not served with citation or named on the pleadings as a party defendant, judgment cannot be entered against him.

An action in forcible detainer is a special proceeding that is governed by particular rules and statutes. *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368 (1962); *Rushing v. Smith*, 630 S.W.2d 498, 499 (Tex.App.—Amarillo 1982, no writ). Tex.Prop.Code Ann. § 24.004 (Vernon 1984) authorizes such suit to be instituted in the justice court of the precinct where the property in question is situ-

ated. Once a final judgment is entered in the justice court, either party may appeal to the county court if the mandates of Tex.R.Civ.P. 749 are followed. Rule 749 provides in pertinent part:

Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered by filing with the justice within five days after the judgment is signed, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him.

Rule 750 suggests a form for the appeal bond pursuant to Rule 749. Both rules contemplate the filing of a bond and the execution of a surety contract that binds the principal and surety to a particular judgment that may be entered against the principal.

In the instant case, Newton and appellant executed an appeal bond, which conforms to the mandates of Rule 749 and the suggestions of Rule 750. Pursuant to said appeal bond, both parties covenanted to prosecute the appeal and "pay all costs and damages," not to exceed $3,500, that are adjudged against Newton.

■ It is well settled that under surety law, when it appears from the terms of the surety contract that the surety has contracted to be bound by a particular judgment that has or may be rendered against his principal, "it is conclusive against him, although he was not a party to the suit in which the judgment was obtained." *Browne v. French, et al.,* 22 S.W. 581, 583 (Tex.Civ.App.1893, no writ); *Howze v. Surety Corp. of America,* 584 S.W.2d 263, 265 (Tex.1979). A surety on a judgment bond does not need to be given notice of the suit or an opportunity to defend the suit before the surety is bound by the judgment. *Howze v. Surety Corp. of America,* 584 S.W.2d at 265; *Baker v. Guaranty National Insurance Co.,* 615 S.W.2d 303 (Tex.Civ.App.—Austin 1981,

writ ref'd n.r.e.) Appellant's first and third points of error are overruled.

In his second point of error, appellant contends, without argument or authority, that the court erred in adjudging $3,500 in damages against appellant because no damages were awarded against the principal.

■ Tex.R.Civ.P. 418(e) provides that argument supporting points of error contain "discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." Failure to cite authority in support of a point constitutes waiver of that point. *O'Dowd v. Johnson,* 666 S.W.2d 619 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). However, in the interest of justice, this Court will address the merits of appellant's second point of error.

The contested May 7, 1985, order states in pertinent part:

Defendants having forfeited the right of possession to the leased premises commonly known as 11407 Hyland, Houston, Texas, it is hereby ORDERED that Defendants' bond herein is forfeited, and it is further ORDERED that Rique D. Bobbitt d/b/a Attorney's Bail Bonds, 417 San Jacinto, Houston, Texas 77002, pay to Plaintiffs the sum of $3,500.00 under such bond posted by Defendants herein, within thirty (30) days from the date of this Order.

Tex.R.Civ.P. 752 provides for the recovery of damages and costs by the prevailing party in the trial de novo conducted in the county court. Such damages "may include but are not limited to loss of rentals during the pendency of the appeal and reasonable attorney fees in the justice and county courts." The rule provides that the prevailing party shall be entitled to recover both *costs* and *damages* against the adverse party. Furthermore, the prevailing party "shall be entitled to recover against the sureties on the appeal bond in cases where the adverse party has executed such bond."

In the instant case, the appeal bond was executed properly, pursuant to the rules.

It covered costs and damages awarded the prevailing party on appeal at the county court level. The court there rendered judgment for appellees, and while no money damages had been assessed by the justice court, the county court forfeited Newton's appeal bond and ordered appellant, as surety to that appeal bond, to pay $3,500 in damages to appellees. Rule 752 authorizes the court to assess costs and damages against the surety, and we find no error in the record before us.

The appellant was not present at trial, but he filed a motion for a new trial. There is no record of the proceeding of the motion for new trial, and findings of fact of the original proceeding were neither made nor requested. Under such circumstances, this Court must presume that the trial court made all necessary findings to support its judgment. *See Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363 (1945); *see also Gutierrez v. Gutierrez*, 643 S.W.2d 786 (Tex.App.—Amarillo 1982, no writ). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.