

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00500-CV

---

JERAMIE EITEL, D/B/A JERACO                        APPELLANTS
INVESTMENTS AND AS AGENT
FOR CLIFF'S STAR
CONSTRUCTION, LLC; JENSON
GAINER; AND OTIS BAKKE

V.

JOHN HOROBEC                                      APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In five issues,[2] Appellants Jeramie Eitel, d/b/a Jeraco Investments and as

agent for Cliff's Star Construction, LLC; Jenson Gainer; and Otis Bakke

---

[1]*See* Tex. R. App. P. 47.4.

challenge the trial court's summary judgment rendered in favor of Appellee John Horobec. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The summary judgment evidence established that Horobec is the owner of the property located at 204 W. Dallas, Grapevine, Texas (the Property). In June 2008, Horobec entered into a lease agreement with Cliff's Star Construction, LLC for the Property. Eitel signed the lease agreement as agent for Cliff's Star Construction, LLC and also signed a personal guaranty of the lease. The lease

---

[2]Appellants' brief identifies five issues on pages 8 to 9, identifies a different grouping of five issues on page 12, and then sets forth a slightly different grouping containing six arguments in the summary of arguments on page 13. In this opinion, we will use the issues identified on pages 8 to 9 of Appellants' brief, which are set forth below:

[1]. The judgments against Bakke and Gainer are in violation of the Due Process provisions of the State of Texas and the United States [c]onstitution[s].

[2]. The judgment is not based on proper summary [j]udgment evidence as there are many controlling and important facts left unfound.

[3]. The [s]tatute of frauds does not apply when the contract could have been completed in one year.

[4]. Horobec was unjustly enriched by the improvements made to his property[,] and he is guilty of laches in waiting until a year [had] passed to make his claim.

[5]. There is no adequate summary judgment proof to support the award of attorney['s] fees to counsel for Horobec.

agreement was for a term of twenty-four months—beginning on June 1, 2008 and ending on June 1, 2010—and stated that rent was $1,400 per month.

After June 1, 2010, Eitel continued to occupy the Property and became a holdover tenant on a month-to-month basis with a rent of $2,800 per month. In December 2010, without giving written notice to vacate, Eitel stopped making monthly rent payments to Horobec, and Horobec initiated an eviction action in the justice court. The justice court ultimately signed a judgment nunc pro tunc, granting sole possession of the Property to Horobec.

During the justice court proceedings, Horobec learned that Eitel d/b/a Jeraco Investments had entered into a commercial lease agreement in February 2010 with Grapevine Lawn and Equipment Center, LLC for the Property.[3] The lease agreement between Horobec and Cliff's Star Construction, LLC prohibited the assignment or subletting of the Property without Horobec's consent. Horobec did not give Eitel written consent to lease the Property to Grapevine Lawn.

Following the eviction suit, Horobec initiated an action in small claims court to recover unpaid rent. Eitel filed a counterclaim, attempting to recover $50,000 in expenses for an "extensive remodel" that he had allegedly performed on the Property. Eitel claimed that he and Horobec had reached a verbal agreement that Eitel would repair the Property, find a new tenant, and share in the profits

[3]An addendum to a commercial lease agreement between Eitel and Grapevine Lawn provided that the prorated rent for February 2010 would be $1,250.06. It also stated that the rent for March and April 2010 would be $2,500 and that the rent for the remaining months under the lease would be $2,800.

3

from any rent.  On January 18, 2012, the small claims court dismissed Eitel's counterclaim for lack of jurisdiction and awarded Horobec $5,000, plus costs of court, and $3,000 in attorney's fees.

Eitel, as principal, and Gainer and Bakke as sureties, secured an appeal bond.  Eitel, Gainer, and Bakke acknowledged that they were bound to pay Horobec the sum of $16,000, "conditioned that [] the said Jeramie Eitel shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal."  Eitel thereafter appealed the small claims court judgment to Tarrant County Court at Law No. 3.

In the county court at law (the trial court), Horobec filed an amended pleading, asserting claims against Eitel for breach of contract, conversion, and fraud.  Eitel filed a document titled "Original Cross-claim[4] of Jeramie Eitel," in which he asked the trial court to find that, based on an alleged oral agreement between the parties, he had a one-half interest in the Property and to award him one-half of the income from the rental of the Property since December 2010 or, in the alternative, to award him a judgment against Horobec and the Property for $75,000, which represented the total that Eitel claimed he had expended to remodel the Property.

Horobec filed a combined traditional motion for summary judgment on his claims against Eitel and a traditional and no-evidence motion for summary

---

[4]Technically, this motion is a counterclaim, but we refer to it herein by the title supplied by Eitel, a cross-claim.

4

judgment on Eitel's cross-claim; the trial court granted Horobec's motion for summary judgment and awarded him $24,718.47 in actual damages and $3,718.47 in attorneys' fees. The trial court's summary judgment also imposed joint and several liability on Gainer and Bakke as sureties on Eitel's appeal bond, up to the amount of the $16,000 bond.

Appellants perfected this appeal.

### III. SUMMARY JUDGMENT

In their second issue, Appellants argue that there are issues of unresolved fact that preclude summary judgment. Appellants do not, however, point out in their brief what the purported unresolved fact issues are. Nor do Appellants specifically address the propriety of the summary judgment on any of Horobec's pleaded causes of action—breach of contract, conversion, and fraud.

Nonetheless, we review the summary judgment evidence to determine whether Horobec, as plaintiff, conclusively established that he was entitled to prevail on each and every element of his breach of contract cause of action against Eitel. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972) (articulating this summary judgment burden when plaintiff is movant); *Ortega-Carter v. Am. Int'l Adjustment Co.*, 834 S.W.2d 439, 441 (Tex. App.—Dallas 1992, writ denied) (same). Horobec argued that he conclusively established his claim against Eitel for breach of the lease agreement because Eitel sublet the property without Horobec's written consent as required by the terms of the lease and also failed to pay rent due under the terms of the lease beginning in December 2010. Horobec

5

supported his motion for summary judgment with his sworn affidavit, along with a copy of the lease with Cliff's Star Construction, a copy of the lease between Eitel and Grapevine Lawn, a copy of the judgment nunc pro tunc awarding possession of the Property to Horobec, and an affidavit from Horobec's attorney showing the amount of attorney's fees requested with billing records attached to support the amount requested. Eitel filed a response to the motion for summary judgment, supported by only his affidavit. Eitel's affidavit does not controvert the facts pertinent to an element of the breach of contract claim established by Horobec's summary judgment evidence—that Eitel sublet the Property during the term of Cliff's Star Construction's lease with Horobec without obtaining Horobec's written consent as required under the lease, that Eitel did not pay rent owed under the lease, and the amount of Horobec's damages for breach of the lease. Consequently, the summary judgment evidence conclusively established that Horobec was entitled to prevail on each and every element of his breach of contract cause of action against Eitel. *See Swilley*, 488 S.W.2d at 67; *Ortega-Carter*, 834 S.W.2d at 441.

Moreover, on appeal, an appellant must attack every ground upon which summary judgment could have been granted to obtain a reversal. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). A broad issue challenging the propriety of a summary judgment is sufficient to place all grounds for summary judgment before the appellate court, but it does not relieve the appellant of the burden to challenge in his brief each of the grounds on which the summary

6

judgment could have been granted and to present argument and authorities for each possible basis for summary judgment. *See, e.g.*, *Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 502–03 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *Columbia Lloyds Ins. Co. v. Mao*, No. 02-10-00063-CV, 2011 WL 1103814, at *7 (Tex. App.—Fort Worth Mar. 24, 2011, pet. denied) (mem. op.); *see also Roberts v. Roper*, 373 S.W.3d 227, 231–32 n.2 (Tex. App.—Dallas 2012, no pet.) (holding that summary judgment that stated it disposed of all claims was final, even if erroneously final, because movant did not seek summary judgment on one claim and that nonmovant waived error by not complaining on appeal).

Here, Appellants have not articulated any challenge to the summary judgment in favor of Horobec on any specific claim asserted by Horobec—breach of contract, conversion, or fraud. Consequently, we are required, in any event, to uphold the summary judgment based on these unchallenged theories of recovery. *See, e.g.*, *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990) (holding that appellate court may not reverse summary judgment absent properly assigned error); *Roberts*, 373 S.W.3d at 231–32 n.2; *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied) ("If an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground."); *Cruikshank*, 138 S.W.3d at 502–03.

Horobec also moved for a traditional and a no-evidence summary judgment on Eitel's cross-claim; Eitel's cross-claim requested that the trial court award him a one-half interest in the Property and the rentals therefrom or that the trial court award him a judgment against Horobec and the Property for $75,000 for the materials and labor that he allegedly expended in remodeling the Property. Horobec's traditional summary judgment alleged that Eitel's cross-claim was barred by res judicata because Eitel did not assert it in the suit in the justice of the peace court, that Eitel's cross-claim was barred by the statute of frauds, and that Eitel had no evidence to support any of the elements of a quantum meruit claim. Horobec set forth the elements of quantum meruit for which he contended no evidence exists: (1) Eitel must have provided valuable services or materials; (2) the services or materials must have been provided for Horobec; (3) Horobec must have accepted the services or materials; and (4) Horobec must have had reasonable notice that Eitel expected compensation for the services or materials.

In response to Horobec's summary judgment motion on Eitel's cross-claim, the only summary judgment evidence produced by Eitel was his own affidavit. Eitel's affidavit does not state facts pertinent to the elements of quantum meruit, specifically elements 2, 3, or 4. As a result, the trial court had no discretion but to grant Horobec's no-evidence motion for summary judgment on Eitel's cross-claim. *See Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 117 (Tex. App.— Waco 1999, no pet.) (holding that failure to produce summary judgment evidence

8

on challenged elements in response to no-evidence motion for summary judgment requires trial court to grant no-evidence motion).  We hold that the trial court properly granted Horobec's no-evidence motion for summary judgment on Eitel's cross-claim.[5]  We overrule Appellants' second issue.

## IV.  NO DUE PROCESS VIOLATION BY ENTRY OF JUDGMENT AGAINST SURETIES

In their first issue, Appellants complain that the judgment against the sureties Bakke and Gainer violates the Due Process Clause of the United States Constitution and the Texas constitution.  Appellants argue that neither Bakke nor Gainer was named in any pleading, neither was served with citation, and neither was given an opportunity to present a defense on Horobec's claim.

The San Antonio case of *Bobbitt v. Womble* states,

> It is well settled that under surety law, when it appears from the terms of the surety contract that the surety has contracted to be bound by a particular judgment that has or may be rendered against his principal, "it is conclusive against him, although he was not a party to the suit in which the judgment was obtained."  A surety on a judgment bond does not need to be given notice of the suit or an opportunity to defend the suit before the surety is bound by the judgment.

---

[5]Because Eitel did not come forward with summary judgment evidence raising a genuine issue of material fact on every element of quantum meruit, the trial court was required to grant the combined traditional and no-evidence summary judgment motion that Horobec filed concerning Eitel's cross-claim on no-evidence grounds, and we need not address the grounds urged by Horobec to support a traditional summary judgment (res judicata and statute of frauds), which are challenged by Appellants in their third and fourth issues.  We overrule Appellants' third and fourth issues.

708 S.W.2d 558, 560 (Tex. App.—Houston [1st Dist.] 1986, no writ) (internal citations omitted); *see also Howze v. Surety Corp. of Am.*, 584 S.W.2d 263, 265 (Tex. 1979). The idea that it is unnecessary to provide notice to a surety who furnished a particular judgment bond is based on the notion that any notice would be redundant because the surety has agreed to be liable for specifically enumerated acts of the principal. *Hartford Cas. Ins. Co. v. State*, 159 S.W.3d 212, 219 (Tex. App.—Austin 2005, pet. denied).

The language of the appeal bond here—that Gainer and Bakke acknowledge they are bound to pay Horobec the sum of $16,000, "conditioned that [] the said Jeramie Eitel shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal"— makes it clear that neither further notice of the suit nor an opportunity to defend is required before the sureties are bound by the judgment. *See Howze*, 584 S.W.2d at 265 ("These bonds are, therefore, [j]udgment bonds; and the surety is bound despite the fact that it was neither notified nor joined as a party."); *Bobbitt*, 708 S.W.2d at 560. No due process violation occurred when the trial court rendered judgment against the sureties Gainer and Bakke; we overrule Appellants' first issue.

## V. AWARD OF ATTORNEY'S FEES IS SUPPORTED BY EVIDENCE

In their fifth issue, Appellants argue that there is no summary judgment evidence to support the award of attorney's fees to Horobec's counsel.

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West Supp. 2008). While reasonableness of an attorney's fee award often presents a question of fact, an affidavit filed by the movant's attorney that sets forth his qualifications, his opinion regarding reasonable attorney's fees, and the basis for his opinion will be sufficient to support summary judgment if uncontroverted. *Gaughan v. Nat'l Cutting Horse Ass'n*, 351 S.W.3d 408, 422 (Tex. App.—Fort Worth 2011, pet. denied). Texas courts consider eight factors when determining the reasonableness of attorney's fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

11

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (citing Tex. Disciplinary Rules Prof'l Conduct R. 1.04, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app A (West 2005) (Tex. State Bar R. art. X, § 9)). A trial court is not required to receive evidence on each of these factors. *Sundance Minerals, L.P. v. Moore*, 354 S.W.3d 507, 514 (Tex. App.—Fort Worth 2011, pet. denied).

Here, the summary judgment evidence included an affidavit from Horobec's attorney setting forth his qualifications, his opinion regarding the reasonableness and necessity of the attorney's fees, and his basis for the attorney's fees. To support the $3,718.47 of attorney's fees requested in the affidavit, Horobec's attorney attached a detailed billing statement, showing the dates that work was performed, a description of the tasks that were performed, the number of hours that were spent on each task, the billing rate of the person who performed each task, and the total amount of fees for each task. There was no evidence contradicting this amount. We hold that the award of $3,718.47 in attorney's fees is supported by sufficient evidence. *See In re Estate of Tyner*, 292 S.W.3d 179, 184 (Tex. App.—Tyler 2009, no pet.) (holding evidence legally sufficient to support award of attorney's fees because attorney's affidavit was uncontroverted and set forth his qualifications, his opinion regarding reasonable

attorney's fees, and the basis for his opinion).  We overrule Appellants' fifth issue.[6]

## VI. CONCLUSION

Having overruled each of Appellants' five issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DELIVERED:  February 13, 2014

---

[6]Horobec requests in his brief on appeal that this court also award him appellate attorneys' fees.  Horobec did not seek conditional appellate attorneys' fees in the trial court, and the summary judgment does not award Horobec conditional appellate attorneys' fees.  *Cf. Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 211–12 (Tex. App.—Corpus Christi 2013, pet. filed) (involving case in which conditional appellate attorneys' fees were proved up in the trial court).  Nor did Horobec file a notice of appeal seeking a judgment more favorable to him than the trial court's judgment.  *See* Tex. R. App. P. 25.1(c); *Gibson Plumbing Heating & Air Conditioning, Inc. v. Coolbaugh Chiropractic*, No. 07-05-00449-CV, 2007 WL 763806, at *4 n.5 (Tex. App.—Amarillo Mar. 14, 2007, no pet.) (mem. op.) (refusing to award appellee attorney's fees for an appeal because trial court did not award attorney's fees for an appeal and appellee did not file a notice of appeal).  And, finally, the award of any attorney fee is a fact issue that must be passed upon by the trial court in the first instance, subject to review by the court of appeals.  *See Int'l Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347, 349 (Tex. 1971).  Accordingly, we decline to award Horobec appellate attorneys' fees or to remand the case to the trial court for it to do so when no claim for conditional appellate attorney's fees was made in the trial court.

13