ACCEPTED
01-15-00252-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/15/2015 10:32:36 PM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00252-CV**

_____

<table>
<tr><td>

**IN THE<br>COURT OF APPEALS<br>FOR THE<br>FIRST SUPREME JUDICIAL DISTRICT<br>OF<br>TEXAS<br>AT HOUSTON, TEXAS**

</td><td>

FILED IN<br>1st COURT OF APPEALS<br>HOUSTON, TEXAS<br><br>12/15/2015 10:32:36 PM<br><br>CHRISTOPHER A. PRINE<br>Clerk

</td></tr>
</table>

_____

**ALZO PREYEAR, SR.**
**Appellant,**

**vs.**

**KUMAR KANDASAMY AND ADVANCED PLATINUM SOLUTIONS, INC.,**
**Appellees.**

_____

**Appeal from the 281st Judicial District Court**
**of Harris County, Texas**

_____

**REPLY BRIEF OF APPELLANT**

_____

**WILLIE & ASSOCIATES, P.C.**

**Joseph R. Willie, II, D.D.S., J.D.**
**4151 Southwest Freeway, Suite 490**
**Houston, Texas 77027**
**(713) 659-7330**
**(713) 599-1659 (FAX)**
**SBOT# 21633500**
**attyjrwii@wisamlawyers.com**

**ATTORNEY FOR APPELLANT**
**ALZO PREYEAR, SR.**

**ORAL ARGUMENT REQUESTED**

_____

**TABLE OF CONTENTS**

Page

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    The Appellee, Kumar Kandasamy, did not file a brief in this
case, thus the Court should accept the factual assertions in
the Brief of Appellant as true . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.    The Appellant supplied this Court with ample record reference
support and did not waive his "against the great weight and
preponderance of the evidence" point . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.    The Appellee has incorrectly defined the standard of review
concerning the "against the great weight and preponderance
of the evidence" point . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

Page(s)

**CASES:**

*Bandy v. First State Bank,*
    835 S.W.2d 609 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Bobbitt v. Womble,*
    708 S.W.2d 558 (Tex. App.--Houston
    [1st Dist.] 1986, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Cain v. Bain,*
    709 S.W.2d 175 (Tex. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6, 7

*Fredonia State Bank v. General American Life Ins.,*
    881 S.W.2d 279 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*In re King's Estate,*
    244 S.W.2d 660 (Tex. 1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Kennard v. McCray,*
    648 S.W.2d 743 (Tex. App.--Tyler
    1983, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*National Union Fire Ins. Co. of Pittsburg v. Janes,*
    687 S.W.2d 822 (Tex. App.--El Paso
    1985, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Owens-Corning Fiberglass Corp. v. Schmidt,*
    935 S.W.2d 520 (Tex. App.--Beaumont
    1996, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Preston State Bank v. Jordan,*
    692 S.W.2d 740 (Tex. App.--Fort Worth
    1985, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

**RULES AND STATUTES:**

TEX. R. APP. P. 38.1(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

TEX. R. APP. P. 38.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

TEX. R. APP. P. 38.6(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

---

**IN THE**
**COURT OF APPEALS**
**FOR THE**
**FIRST SUPREME JUDICIAL DISTRICT**
**OF**
**TEXAS**
**AT HOUSTON, TEXAS**

---

**ALZO PREYEAR, SR.**
**Appellant,**

**vs.**

**KUMAR KANDASAMY AND ADVANCED PLATINUM SOLUTIONS, INC.,**
**Appellees.**

---

**Appeal from the 281st Judicial District Court**
**of Harris County, Texas**

---

TO THE HONORABLE COURT OF APPEALS:

## INTRODUCTION

Pursuant to Rules 38.3 and 38.6(c) of the Texas Rules of Appellate Procedure, the Appellant, Alzo Preyear, Sr., files his Reply Brief of Appellant. This reply brief is to respond to those arguments proffered by the Appellees, Kumar Kandasamy and Advanced Platinum Solutions, Inc., that were not reasonably anticipated by the Appellant.

**I.** **The Appellee, Kumar Kandasamy, did not file a brief in this case, thus the Court should accept the factual assertions in the Brief of Appellant as true.**

The Appellee, Kumar Kandasamy, has not filed a brief in this case and has not sought an extension of time to file a brief in this case. If the appellee does not file a brief, the appellate court may accept as true any factual statement made in appellant's brief. *See* TEX. R. APP. P. 38.1(g). *See also Fredonia State Bank v. General American Life Ins.,* 881 S.W.2d 279, 283 (Tex. 1994); *Bandy v. First State Bank,* 835 S.W.2d 609, 617 n.2 (Tex. 1992); *Owens-Corning Fiberglass Corp. v. Schmidt,* 935 S.W.2d 520, 525 (Tex. App.--Beaumont 1996, writ denied). The Appellant requests that the Court accept as true the factual statements contained in the Brief of Appellant and reverse the judgment of the trial court and render judgment for the Appellant or, in the alternative, reverse the judgment of the trial court and remand the case with instructions to order a new trial.

**II.** **The Appellant supplied this Court with ample record reference support and did not waive his "against the great weight and preponderance of the evidence" point.**

Om pages 3, 4, 5 and 6 of the Brief of Appellant, this Court was supplied with the requisite record references to show that the jury's verdict was "against the great weight and preponderance of the evidence, Appellee's argument notwithstanding. Only when a party presents an issue but omits the required

discussion of the facts and authorities relied on may an appellate court consider the issue as waived. Such is certainly not the case in this appeal. *Cf. Kennard v. McCray,* 648 S.W.2d 743, 746 (Tex. App.--Tyler 1983, writ ref'd n.r.e.); *Bobbitt v. Womble,* 708 S.W.2d 558, 560 (Tex. App.--Houston [1ˢᵗ Dist.] 1986, no writ).

The Appellee's waiver argument is totally without merit and should not be considered by this Court in its adjudication of this case.

**III. The Appellee has incorrectly defined the standard of review concerning the "against the great weight and preponderance of the evidence" point.**

Contrary to the standard of review offered by the Appellee, the Appellant, once again, states the appropriate standard of review concerning an "against the great weight and preponderance of the evidence" issue. If the error assigned is that a certain finding was against the great weight and preponderance of the evidence, a court of appeals must consider and weigh all of the evidence in the record that is relevant to the point. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986); *National Union Fire Ins. Co. of Pittsburg v. Janes,* 687 S.W.2d 822, 825 (Tex. App.--El Paso 1985, writ ref'd n.r.e.). A great weight point requires a consideration of all evidence, both tending to prove the fact and that tending to disprove the fact. *National Fire,* 687 S.W.2d at 825. An appellate court may set aside a verdict for insufficient evidence only if the verdict is so contrary to the overwhelming weight

6

of the evidence as to be clearly wrong and unjust. *Cain,* 709 S.W.2d at 176; *In re King's Estate,* 244 S.W.2d 660, 661 (Tex. 1951). Lastly, in reviewing a trial court's take nothing judgment, the appellate court applies the same standard of review as would be applicable to an instructed verdict in a jury trial, accepting as true all evidence favorable to the appellant, and indulging every intendment against the judgment. *Preston State Bank v. Jordan,* 692 S.W.2d 740, 743 (Tex. App.--Fort Worth 1985, no writ). In short, the Appellee is totally wrong in its application of the incorrect standard of review. The judgment of the trial court should be reversed and judgment rendered for the Appellant or, in the alternative, the judgment of the trial court should be reversed and remanded with instructions to order a new trial.

## **PRAYER**

For the foregoing reasons and the reasons given in his opening brief, the Appellant, Alzo Preyear, Sr., prays that the judgment of the trial court be reversed and judgment rendered for the Appellant or, in the alternative, the judgment of the trial court should be reversed and remanded with instructions to order a new trial.

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.

7

By: /s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.
4151 Southwest Freeway, Suite 490
Houston, Texas 77027
(713) 659-7330
(713) 599-1659 (FAX)
SBOT# 21633500
attyjrwii@wisamlawyers.com

ATTORNEY FOR APPELLANT
ALZO PREYEAR, SR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-service to Lori A. Hood, 1301 McKinney Street, Suite 3700, Houston, Texas 77010 and Jeffery A. Addicks, 3040 Post Oak Boulevard, Suite 1020, Houston, Texas 77056, on the 15th day of December, 2015.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

## CERTIFICATE OF COMPLIANCE

I certify that the Reply Brief of Appellant submitted complies with TEX. R. APP. P. 9 and the word count of this document is 765. The word processing software used to prepare the document and to calculate the word count is Windows 7.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.